71087. IN RE HALL COUNTY GRAND JURY PROCEEDINGS.
(333 SE2d 389)

CARLEY, Judge.

Mr. William Binion is an accountant. In May of 1985, Mr. Binion was called to appear as a witness before the Grand Jury of Hall County. He was questioned concerning accounting work that he had done for several of his former clients. Mr. Binion freely responded to questions of a general nature. As to specifics, however, he invoked, on behalf of those clients, the accountant-client privilege and declined to answer. The grand jury filed a motion in the Superior Court of Hall County, seeking an order to compel Mr. Binion to testify as to those matters to which a claim of privilege had been asserted. This motion was supported by the sealed affidavit of the grand jury foreman. The affidavit summarized certain other testimony that the grand jury had already received concerning those former clients with regard to whom Mr. Binion had asserted the privilege.

After directing that service be made on Mr. Binion's affected former clients (hereinafter referred to as "intervenors"), the superior court conducted a hearing on the grand jury's motion to compel testi-

mony. At that hearing, the superior court heard arguments from all of the respective parties concerning the scope of and exceptions to the accountant-client privilege. After the hearing, the superior court conducted an in camera inspection of the material which the grand jury had filed in support of its motion to compel Mr. Binion's testimony. After this in camera inspection, the superior court entered an order which held, in part, that the privilege did not extend to "representations or communications which are in furtherance of a scheme to commit a crime or fraud." The superior court further held that the material filed by the grand jury in support of its motion was sufficient to constitute a prima facie showing that the testimony it sought from Mr. Binion was within this exception to the accountant-client privilege. Accordingly, the superior court granted the grand jury's motion, and ordered Mr. Binion to testify.

The intervenors filed a direct appeal to this court from the superior court order. The district attorney, representing the grand jury, moved for an expedited appeal which was granted.

1. Although we find no Georgia cases directly on point, following the rationale of *Patterson v. State*, 248 Ga. 875 (287 SE2d 7) (1982), we are persuaded by the logic of federal decisions that the order compelling Mr. Binion's testimony before the grand jury is directly appealable by the intervenors. See *In re Grand Jury Proceedings*, 641 F2d 199 (5th Cir. 1981).

2. The accountant-client privilege is established by OCGA § 43-3-32 (b). "Due to the similarity of our statutory privileges for the clients of attorneys and accountants . . . we feel [an] analogy drawn between the two is sound. . . ." *Gearhart v. Etheridge*, 232 Ga. 638, 641 (208 SE2d 460) (1974). Accordingly, it follows that in the accountant-client relationship, as in that between attorney and client, communications occurring *after* a fraud or a crime has been completed are privileged, but those which occur *before* the perpetration of a fraud or commission of a crime and which relate thereto are not protected by the privilege. "As to violations of law or commission of fraud, . . . the protection extends only to communications after the act or transaction is finished. It does not cover communications respecting proposed infractions of the law in the commission of a crime or the perpetration of a fraud. [Cits.] 'The privileged communication may be a shield of defense as to crimes already committed, but it can not be used as a sword or weapon of offense to enable persons to carry out contemplated crimes against society,' frauds or perjuries. [Cit.]" *Atlanta Coca-Cola Bottling Co. v. Goss*, 50 Ga. App. 637, 639 (179 SE 420) (1934). See also *Marriott Corp. v. American Academy of Psychotherapists*, 157 Ga. App. 497, 502 (3b) (277 SE2d 785) (1981). Thus, the superior court did not err in holding that the intervenors had no valid privilege as to any communications to Mr. Binion that were pre-

liminary to the intervenors' commission of a crime or perpetration of a fraud.

3. The intervenors' primary assertion of error concerns the procedure by which the superior court determined that this exception was applicable to their communications to Mr. Binion. As noted above, the superior court, after hearing legal arguments as to the privilege, conducted an in camera inspection of an affidavit summarizing the other testimony that had been heard by the grand jury and, based upon this affidavit, made the factual determination that Mr. Binion's testimony concerning certain communications from the intervenors was not privileged. The intervenors assert that the in camera determination that the privilege did not attach to Mr. Binion's testimony was violative of their due process rights. The intervenors contend that they should have been apprised of the contents of the material considered by the superior court and should have been given the opportunity to refute any allegations or contentions therein that their communications to Mr. Binion had been made with prospective criminal or fraudulent intent.

" 'It is an established rule of evidence in this State that, in a *judicial trial in a court of law*, where evidence is finally adjudicated and final judgments are rendered, ex parte affidvaits are inadmissible, and their admission *in such a case* over proper objection constitutes reversible error.' [Cits.]" (Emphasis supplied.) *Lanthripp v. Lang*, 103 Ga. App. 602, 605 (120 SE2d 59) (1961). However, the instant appeal is not "such a case." Here, we are concerned with proceedings before a grand jury, not the judicial trial of a case in a court of law. An individual has no constitutional right "to appear before the grand jury to present evidence and to cross-examine witnesses. The [individual is] not on trial at this stage of the proceedings and therefore [such a] refusal denie[s] him neither the right of confrontation ([cits.]), nor equal protection of the laws. [Cit.]" *Jackson v. State*, 225 Ga. 790, 792 (2) (171 SE2d 501) (1969), rev'd as to death sentence, 408 U. S. 238 (92 SC 2726, 33 LE2d 346) (1972).

We find no Georgia case which deals with the precise issue presented here. However, in addressing a similar issue in a similar context, our Supreme Court has noted with apparent approval "that several United States Courts of Appeal have ruled in favor of in camera consideration by the trial judge to determine if [a] privilege is proper in a particular case. [Cits.]" *Thornton v. State*, 238 Ga. 160, 164 fn. 1 (231 SE2d 729) (1977). With specific regard to the assertion of a claim of privilege in connection with the testimony of a witness in grand jury proceedings, the Eleventh Circuit has held: "The appellants contend the district court improperly considered the Government's *in camera* supplemental motion to compel and accompanying memorandum, while refusing them or their attorneys access to the

material. It is settled, however, that the cautious use of *in camera* proceedings is appropriate to resolve disputed issues of privilege. [Cits.] *The need to preserve the secrecy of an ongoing grand jury investigation is of paramount importance.* [Cits.]" (Emphasis supplied.) *In re Grand Jury Proceedings,* 708 F2d 1571, 1576 (11th Cir. 1983). There is no doubt that the preservation of the secrecy of grand jury proceedings is likewise a well-recognized principle in Georgia. See generally *Howard v. State,* 60 Ga. App. 229, 236 (4 SE2d 418) (1939). "Testimony before the grand jury has traditionally been unavailable to criminal defendants in this state. 'The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow. This "indispensable secrecy of grand jury proceedings" [cit.], must not be broken except where there is a compelling necessity.' [Cit.]" *Kesler v. State,* 249 Ga. 462, 474 (291 SE2d 497) (1982). Accordingly, we hereby adopt the rationale of the above-cited federal cases as the law of this State. It follows that, in determining the validity of the claim of privilege, the superior court did not err in conducting an in camera inspection of the material filed by the grand jury in support of its motion to compel Mr. Binion's testimony.

"The government is not required to prove the existence of a crime or fraud in order to overcome a claim of privilege. Rather, a prima facie showing that the [communication] was [made] in furtherance of illegal or fraudulent activity is sufficient to secure disclosure. [Cits.] The determination that a prima facie showing has been made lies within the sound discretion of the [lower] court. That determination may not be disturbed on appeal absent an abuse of discretion. [Cits.]" *In re Berkley & Co.,* 629 F2d 548, 553 (8th Cir. 1980). As in *In re Berkley & Co.,* supra at 553, we have made "our own independent *in camera* review of the disputed documents and [find that they reveal] no abuse of discretion in the [superior] court's determination." Accordingly, the order compelling Mr. Binion's testimony must be affirmed.

4. Our holding is not to be construed as addressing any issue other than the claim of the accountant-client privilege. No other privilege has been invoked, and consequently, the superior court has never been called upon to make a ruling as to any other reason why Mr. Binion should not be required to testify before the grand jury.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JUNE 27, 1985 —
REHEARING DENIED JULY 9, 1985 —

*Howard J. Manchel, Charles O. Gignilliat,* for appellant.

*Bruce L. Udolf, District Attorney, George P. Shingler, Assistant Attorney General,* for appellee.