A93A1396. FROELICH et al. v. THE STATE.
(437 SE2d 358)

McMURRAY, Presiding Judge.

On February 23, 1993, Jerome J. Froelich, Jr., Fred Tokars, Tim Huhn, Andy Pennington and Kirk Walsh (petitioners) filed a motion to quash subpoenas directing Huhn, Pennington and Walsh to appear

before the Cobb County Grand Jury. Petitioners alleged that Tokars is a suspect in a police investigation; that Froelich is Tokars' attorney; that Froelich hired Huhn, Pennington and Walsh to conduct an investigation on behalf of Tokars and that subpoenas issued for Huhn, Pennington and Walsh to appear before the grand jury for the improper purpose of uncovering information that is subject to the attorney-client privilege.

On February 23, 1993, the State's attorney affirmed at a hearing on the motion to quash that subpoenas had issued for Huhn, Pennington and Walsh to appear before the grand jury at 4:00 p.m. on February 24, 1993. At 10:41 a.m. on the day Huhn, Pennington and Walsh were to appear before the grand jury, the trial court entered an order denying petitioners' motion to quash "with the condition that questioning by the State be limited to the names and addresses of witnesses the investigators have interviewed." This direct appeal was filed at 11:24 a.m. on the day Huhn, Pennington and Walsh were to appear before the grand jury. *Held*:

Relying on *Patterson v. State*, 248 Ga. 875 (287 SE2d 7), this court held in *In re Hall County Grand Jury Proceedings*, 175 Ga. App. 349 (333 SE2d 389), that a direct appeal is authorized from an interlocutory order compelling testimony of a witness before the grand jury. Id. at 350 (1), supra. In *Patterson*, the primary reason for allowing direct review of the interlocutory order denying a defendant's plea of double jeopardy was that the defendant's rights would be significantly undermined if appellate review was postponed until final disposition of the underlying criminal action. *Patterson v. State*, 248 Ga. 875, 876, supra. In the case sub judice, the record indicates that the trial court's denial of petitioners' motion to quash is not an interlocutory matter requiring immediate review so as to protect petitioners. Specifically, the record is silent as to disposition of the February 24, 1993, grand jury proceedings that inspired issuance of grand jury subpoenas to Huhn, Pennington and Walsh. Consequently, this court ordered the parties to submit "briefs regarding the issue of mootness and this Court's power to rule on issues raised in this appeal."

In supplemental briefs, the parties affirmed that the grand jury proceeding which spawned the case sub judice adjourned after indictment of individuals who are not parties to this appeal.[1] Thus, any

---

[1] This court is authorized in relying on the parties' admissions regarding disposition of the grand jury investigation which forms the basis of the case sub judice as "[i]t is well-established that a party to a trial may make admissions in judicio in their pleadings, motions, and briefs. *Brownlow v. City of Calhoun*, 198 Ga. App. 710, 711 (402 SE2d 788); *Time Ins. Co. v. Lamar*, 195 Ga. App. 452 (2) (393 SE2d 734); *Summerlot v. Crain-Daly Volkswagen*, 138 Ga. App. 839 (227 SE2d 463). When an admission is so made 'it is a solemn admission in judicio. As such, it is binding upon the party and estops the party from denying the admission or introducing any evidence to controvert the admission, even if it is untrue.' Green, Ga.

decision regarding the denial of petitioners' motion to quash would be of no benefit to petitioners, thereby rendering the issues raised in this appeal moot. *In re Hall County Grand Jury Proceedings*, 255 Ga. 241 (338 SE2d 864); *Brown v. Taylor*, 193 Ga. App. 134 (387 SE2d 25).[2] Nonetheless, petitioners contend the issues raised in the case sub judice are not moot because the State "can attempt to obtain the same undiscoverable, privileged material sought in the grand jury subpoenas at the trial of the defendants by use of similar subpoenas." This contention is without merit.

There is no indication in the record that Huhn, Pennington or Walsh will be summoned to testify in the underlying criminal proceedings. However, assuming the contrary, petitioners "ask this court to do what it is not authorized to do: to render an advisory opinion on hypothetical and legal questions that have not arisen but which [petitioners] fear may arise at a future date. *Board of Commrs. of Walton County v. Dept. of Public Health*, 229 Ga. 173 (2) (190 SE2d 39) (1972)." *Cheeks v. Miller*, 262 Ga. 687, 689 (425 SE2d 278).

Alternatively, petitioners appear to concede that the denial of their motion to quash is moot, arguing that appellate review is necessary because the alleged error is capable of repetition and is likely to perpetually evade appellate review. See *Citizens for Ethical Government v. Gwinnett Place Associates, L.P.*, 260 Ga. 245 (1) (392 SE2d 8); *Multimedia WMAZ v. State*, 256 Ga. 698, 699 (1) (353 SE2d 173); *R. W. Page Corp. v. Lumpkin*, 249 Ga. 576, 578 (1) (292 SE2d 815). We do not agree.

Although procedural circumstances similar to the eleventh-hour hearing conducted on petitioners' motion to quash are capable of repetition, there appears to be no reason why the alleged error raised in this appeal will eternally evade judicial review. In fact, an appeal from an order compelling testimony before the grand jury which was alleged to be privileged reached this court under similar procedural circumstances via expedited appeal in *In re Hall County Grand Jury Proceedings*, 175 Ga. App. 349, supra. We therefore cannot say that an advisory opinion is mandated in the case sub judice. *Chastain v. Baker*, 255 Ga. 432, 434 (339 SE2d 241). It follows that this appeal must be dismissed as moot.

*Appeal dismissed. Johnson and Blackburn, JJ., concur.*

---

Law of Evid. (3rd ed.), Admissions § 233." *Bannister v. State*, 202 Ga. App. 762, 763 (1b), 766 (415 SE2d 912).

[2] The same logic reveals that this direct appeal is not authorized under *In re Hall County Grand Jury Proceedings*, 175 Ga. App. 349, supra, as the rights of petitioners are not undermined by the absence of appellate review. Compare *Patterson v. State*, 248 Ga. 875, 876, supra.

650

McKenney & Froelich, Jerome J. Froelich, Jr., for appellants.

Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys, for appellee.