## S99A0803. CAHILL v. COBB PLACE ASSOCIATES.
(519 SE2d 449)

HUNSTEIN, Justice.

Town Center Mall is a privately owned shopping mall located in Cobb County, Georgia. The owner, Cobb Place Associates, maintains a policy that prohibits all mall visitors from engaging in solicitation or leafleting in the mall's common areas. Only organized activities likely to generate revenue for the mall are permitted. In January and February 1997, mall security observed Mark Cahill "witnessing" in the mall's common areas. Cahill described witnessing as "individual, God-commanded efforts to educate, counsel, persuade and/or inform willing listeners concerning Jesus Christ by means of verbal and/or written speech, including conversations and distribution of printed religious tracts." Cahill claims he only sought to have isolated conversations with willing listeners; however, the record reflects that he distributed religious literature not only to mall patrons, but also left his leaflets in the common areas and in the bathrooms. Upon observing Cahill's actions, mall security asked him to stop.

Cahill filed the present action for injunctive and declaratory relief, alleging that the no solicitation policy at Town Center Mall violates the free speech guaranty of Art. I, Sec. I, Par. V of the Georgia Constitution of 1983. The trial court granted Cobb Place Associates's motion for summary judgment, holding the mall could prohibit Cahill from solicitation in the common areas. Because the trial court's ruling was not error under *Citizens for Ethical Government v. Gwinnett Place Assoc.*, 260 Ga. 245 (2) (392 SE2d 8) (1990), we affirm.

Relying on *Lloyd Corp. v. Tanner*, 407 U. S. 551 (92 SC 2219, 33 LE2d 131) (1972) (the United States Constitution does not require a privately owned shopping mall to permit unsanctioned solicitation) this Court in *Citizens for Ethical Government*, supra, stated that Georgia's constitutional free speech provision does not confer any greater free speech right than that protected by the First Amendment[1] and declined to find that our State constitution "creat[ed] a constitutional right of access to private property." Id. at 246. See *Pruneyard Shopping Ctr. v. Robins*, 447 U. S. 74 (100 SC 2035, 64 LE2d 471) (1980) (a state retains the authority to adopt in its own constitution individual liberties that are more expansive than that conferred by the United States Constitution). We are unwilling to depart from our ruling in *Citizens for Ethical Government* in order to reach the result preferred by Cahill. Accordingly, the judgment is affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 6, 1999.

*Bobby B. Terry,* for appellant.
*Kitchens, Kelley & Gaynes, Mark A. Kelley,* for appellee.
*Altman, Kritzer & Levick, Joseph D. Wargo, David M. Pernini,* amicus curiae.

---

[1] As to this issue, Georgia is not alone in finding that its State Constitutional free speech guaranty is no greater than the guaranty of the free speech clause of the First Amendment. See *Eastwood Mall v. Slanco*, 626 NE2d 59 (Ohio 1994); *Charleston Joint Venture v. McPherson*, 417 SE2d 544 (SC 1992); *Fiesta Mall Venture v. Mecham Recall Committee*, 767 P2d 719 (Ariz. 1988); *Southcenter Joint Venture v. National Democratic Policy Committee*, 780 P2d 1282 (Wash. 1989); *Jacobs v. Major*, 407 NW2d 832 (Wis. 1987); *Western Pennsylvania Socialist Workers 1982 Campaign v. Connecticut General Life Ins. Co.*, 515 A2d 1331 (Pa. 1986); *Woodland v. Michigan Citizens Lobby*, 378 NW2d 337 (Mich. 1985); *SHAD Alliance v. Smith Haven Mall*, 488 NE2d 1211 (NY 1985); *Cologne v. West Farm Assoc.*, 469 A2d 1201 (Conn. 1984); *State v. Felmet*, 273 SE2d 708 (NC 1981).

The minority view that the free speech provision in a state constitution extends beyond the Federal constitution so as to protect speech in privately owned shopping centers articulated in *Robins v. Pruneyard Shopping Center*, 592 P2d 341 (Cal. 1979) has been followed by the New Jersey court in *New Jersey Coalition Against the War in the Middle East v. J.M.B. Realty*, 650 A2d 757 (NJ 1994).