## A02A2085. THE STATE v. YOUNG.
### (579 SE2d 16)

BARNES, Judge.

Larry K. Young, Jr. was indicted for aggravated assault, criminal trespass, simple assault, and three counts of cruelty to children. He filed a plea in abatement and motion to dismiss the indictment based on the State's failure to abide by an agreement to allow him to appear and testify before the grand jury. The trial court granted the motion and quashed the indictment. For the reasons that follow, we reverse.

At a hearing on the plea in abatement and motion to dismiss, Young's attorney stated in his place that the underlying incident arose when Young went to see the complainant about payment for Young's bulldozer work. The two men talked, then "scuffled," and in the course of the scuffle the complainant suffered a broken leg. The Alapaha District Attorney agreed, in lieu of a "special presentment," to allow Young to testify before the first grand jury that considered this issue in August 2000. That jury declined to indict Young for aggravated assault.

Young's attorney further stated in his place that he checked with the district attorney the week before the next grand jury convened in February 2001, and the district attorney assured him that the State was not going to make a presentment concerning Young. The attorney reminded the district attorney of their agreement that if charges were going to be presented against Young, Young would appear and testify instead of the State making a presentment against the complainant too. Despite the State's assurances, however, Young was indicted on February 5, 2001, not only for aggravated assault, but also for criminal trespass, simple assault, and three counts of cruelty to children. The cruelty to children counts alleged that three children saw the fight between Young and the complainant. Following the indictment, the district attorney told Young's attorney he did not know the matter was scheduled to be presented.

The trial court terminated the hearing because the district attor-

ney himself was not present, stating that if the district attorney standing in his place admitted he had agreed to allow Young to testify before the grand jury, the court would dismiss the indictment; otherwise, the court would let the indictment stand.

Just before the hearing ended, Young said, "The only thing — another thing, Judge, I've tendered up some deposition transcripts, the cruelty to children was added, they have by their own testimony they absolutely did not seek [sic] this incident." The assistant district attorney did not respond to this argument, as the trial court indicated that it would reserve ruling on this issue until after the district attorney responded to Young's representation that they had an agreement, and while the excerpts were not formally admitted, they appear in the record. The record also includes a one-page transcript of the end of a motion heard in chambers the following month, during which the trial court granted Young's motion to dismiss the indictment, as well as the court's written order of dismissal.

The order reads as follows:

> The Court finds that an Agreement was entered by the District Attorney with counsel for the Defendant that in lieu of a cross warrant by Defendant or a Special Presentment by the District Attorney, that the Defendant would appear before the Grand Jury, which said Agreement was relied upon by counsel for Defendant to the detriment of the Defendant. The Court further finds that the deposition testimony tendered by counsel for Defendant at the Hearing, copies of which are attached hereto as Exhibits A, B and C, confirms that contrary to such indictment, the minor children did not witness a forcible battery upon [the complainant]. Said deposition testimony confirms that the Grand Jury proceedings were tainted by misleading and untrue testimony. For the foregoing reasons the Court does hereby grant Defendant's Motion to Dismiss said indictment and said indictment is hereby quashed in its entirety.

1. First, the State argues that Young cannot compel the State to allow him to testify before a grand jury considering a proposed indictment against him. This argument misses the point. Young does not argue that he has an independent right to appear and testify before the grand jury, which he clearly does not.

> An individual has no constitutional right to appear before the grand jury to present evidence and to cross-examine witnesses. The individual is not on trial at this stage of the pro-

ceedings and therefore such a refusal denies him neither the right of confrontation nor equal protection of the laws.

(Citations and punctuation omitted.) *In re Hall County Grand Jury Proceedings*, 175 Ga. App. 349, 351 (3) (333 SE2d 389) (1985).[1] Young argues instead that he was entitled to appear based on an agreement between himself and the district attorney, on which he relied to his detriment.

In considering whether to enforce agreements between defendants and prosecuting attorneys, Georgia courts have analyzed them under the principles of contract law. In *State v. Hanson*, 249 Ga. 739 (295 SE2d 297) (1982), the Supreme Court of Georgia considered whether to enforce a district attorney's agreement not to prosecute a defendant in exchange for information about drug and gambling operations. While the Court found unenforceable the State's agreement to forgo prosecution for any unnamed offenses occurring within the county during a certain time period, it found the promise binding as to the dismissal of specific charges. In reaching this conclusion, the Court held that

> [w]hile a slavish adherence to contract law should be avoided, we find that analysis of the present agreement as a contract between the prosecutor and [the defendant] is useful. The parties made a bargain. There is no evidence in the record that [the defendant] failed to live up to his part of the bargain. . . . We find that the agreement between [the defendant] and the district attorney is enforceable as a bar to the present indictment.

Id. at 746-747 (3).

In *State v. Barrett*, 215 Ga. App. 401 (451 SE2d 82) (1994), this Court considered whether to enforce a deal in which the defendant agreed not to run for public office again in exchange for a negotiated plea of first offender on some charges and the State nolle prossing other charges. After the defendant was discharged from probation, he was elected mayor in violation of the agreement, and the State reindicted him on all charges. After determining that the State could not reindict the defendant on charges for which he had successfully completed his first offender probation, id. at 403 (1), the Court determined that the State could reindict him for the nolle prossed charges even though the statute of limitation had run. Id. at 405 (2). Analyzing the agreement as a contract, the Court found that it was enforce-

---

[1] Only peace officers and public officials are entitled to notice and the opportunity to appear before the grand jury. OCGA §§ 17-7-52; 45-11-4 (f), (g).

able. Consideration flowed, because the defendant received first offender treatment in exchange for his promise not to hold public office; the defendant could waive the personal protection of the statute of limitation; and the record showed his waiver was made knowingly and voluntarily. Id.

In this case, no significant consideration flows from Young to the State in exchange for the State's promise to allow Young to appear and testify before the grand jury. Young argues only that the State benefitted by not having to make a "special presentment" to the grand jury, at which Young would bring charges against the complainant, and by Young refraining from taking out a cross-warrant against the complainant. That benefit or consideration does not rise to the level of agreeing to refrain from holding public office (*State v. Barrett*, supra), or revealing otherwise unavailable incriminating information (*State v. Hanson*, supra at 739). Young also has not specified how he suffered detriment from relying on the agreement to allow him to testify, as the record does not establish that he is prevented from taking out a cross-warrant or seeking a special presentment against the complainant now. We understand the trial court's concern over the ethical considerations involved when the State fails to keep its word, but because no consideration flowed between the parties, we conclude that the trial court erred in dismissing the indictment.

2. The trial court also ruled that the civil deposition excerpts Young submitted confirm that the minor children did not witness a forcible battery, in contrast to the indictment's cruelty to children allegations. Young does not allege that the State presented only illegal evidence to the grand jury, but that the deposition excerpts disprove the State's claims as to the three cruelty to children counts. "It has never been the practice in this State to go into an investigation to test the sufficiency of the evidence before the grand jury." *Powers v. State*, 172 Ga. 1 (157 SE 195) (1931). "[A] plea in abatement on the ground that [an indictment] was found on insufficient evidence, or illegal evidence, or no evidence, will not be sustained, because it comes under the rule that no inquiry into the sufficiency or legality of the evidence is indulged." (Citation, punctuation and emphasis omitted.) *Felker v. State*, 252 Ga. 351, 366 (2) (a) (314 SE2d 621) (1984). Therefore, the trial court erred in granting Young's motion to dismiss the indictment on this ground.

*Judgment reversed. Ruffin, P. J., and Adams, J., concur.*

DECIDED FEBRUARY 6, 2003 —
RECONSIDERATION DENIED MARCH 3, 2003.

*Robert B. Ellis, Jr., District Attorney, Brian A. McDaniel, Assistant District Attorney*, for appellant.
*Moore & Studstill, Mitchell O. Moore*, for appellee.