# Court of Appeals
# of the State of Georgia

ATLANTA,  December 03, 2014

*The Court of Appeals hereby passes the following order:*

**A14A1519.  STATE OF GEORGIA v. DAVIS.**

In 1995, appellee Barry Davis was convicted of aggravated sodomy on a child. In February 2013, Davis was pardoned by the Georgia Board of Pardons and Paroles ("the Board"). After Davis was released from prison, he was arrested and indicted for failing to comply with the requirements of the sex offender registration statute, OCGA § 42-1-12. The State then sought to subpoena the Board's records on Davis for the purpose of showing the grand jury the Board's lack of diligence in pardoning Davis. The Board moved to quash the subpoena, and a hearing was held on February 24, 2014. Two days later, on February 26, 2014, the grand jury indicted Davis for violating the sex offender registration statute. On March 20, 2014, the trial court filed an order granting the Board's motion on the ground that the Board's records were not relevant to the proceedings before the grand jury. In this appeal from the trial court's grant of the motion to quash the subpoena, the Attorney General, representing a Board member, has filed a motion to dismiss the appeal as moot.

We must dismiss an appeal if the question presented has become moot. OCGA § 5-6-48 (b) (3); see also *Pimper v. State of Ga.*, 274 Ga. 624, 626 (555 SE2d 459) (2001) (an appeal becomes moot when it seeks to determine an issue which, if resolved, "cannot have any practical effect on the underlying controversy, or when such resolution will determine only abstract questions not arising upon existing facts or rights"). Specifically, and as this Court held in *Froelich v. State*, 210 Ga. App. 647, 649 (437 SE2d 358) (1993), an appeal from a trial court's ruling on a motion to quash a subpoena to appear before a grand jury becomes moot when the grand jury issues an indictment in the matter. Id. at 649.

The trial court noted that the Board's documents were "not relevant" to the inquiry before the grand jury, which was "to determine whether there is sufficient evidence to indict" Davis for violating the sex offender registration law. But even assuming that the Board's documents on Davis's aggravated sodomy case might be relevant to the sex offender registration charge, Davis has now been indicted on that charge, and the trial court quashed the subpoena only for purposes of the grand jury proceedings. We are not authorized to give an advisory opinion on the validity of a subpoena for the Board's documents for purposes of the charge now pending against Davis when the trial court explicitly declined to address that question. We therefore DISMISS this appeal as MOOT. *Froelich*, 210 Ga. App. at 649.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,*_____12/03/2014_____

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*