### 36449. MORRIS v. STATE OF GEORGIA et al.

JORDAN, Presiding Justice.

On November 8, 1979, James T. Morris, the Chairman of the State Board of Pardons and Paroles, was served with a subpoena duces tecum commanding him to bring before the Grand Jury of Taliaferro County all records, memos, correspondence and recommendations concerning the Board's commutation of the sentence of William A. Hubbard from twenty-four years to ten years.

Morris made a motion to quash the subpoena duces tecum on two grounds: (1) Code Ann. § 77-533 declares the subpoenaed documents to be confidential and (2) the subpoena duces tecum is unreasonable under Code Ann. § 38-801 in that the subpoenaed documents are irrelevant to any legitimate investigation by the Taliaferro County Grand Jury.

The Taliaferro County Grand Jury traversed the motion to quash on the grounds that Code Ann. § 77-533 is unconstitutional under Art. IV, Sec. II, Par. I of the 1976 Georgia Constitution (Code Ann. § 2-2001) and that the subpoenaed documents are relevant to the Taliaferro County Grand Jury's investigation of R. J. Sawyer.

The trial court declined to rule on the relevancy of the subpoenaed documents, concluding that "the sole question to be determined" was the constitutionality of Code Ann. § 77-553. The trial court then denied Morris' motion to quash on the ground that said code section was unconstitutional under Code Ann. § 2-2001. Morris filed an application for interlocutory appeal which was granted. We reverse and remand.

1. The Georgia Constitution (Code § 2-2001) provides, in relevant part, that "The State Board of Pardons and Paroles shall at each session of the General Assembly communicate to that body in full detail each case of pardon, parole, commutation, removal of the

convict, the offense for which he was convicted, the sentence and its date, the date of the pardon, parole, commutation, removal of disabilities or remission of sentence and the reasons for granting the same. . ."

In contrast, a statute (Code Ann. § 77-533 (a)) provides that "All information both oral and written received by the State Board of Pardons and Paroles in the performance of their duties under this Chapter and all records, papers, and documents coming into their possession by reason of the performance of their duties under this Chapter shall be classified as confidential State secrets until declassified by a resolution of the Board passed at a duly constituted session of the Board . . ."

Code Ann. § 77-533 (b), however, expressly states that "All information, reports, and documents heretofore required by law to be made available to the General Assembly, the Governor, or the State Auditor, are exempt from subsection (a) above."

Code Ann. § 2-2001 was a part of the 1945 Georgia Constitution. Thus, Code Ann. § 77-533, enacted in 1953, expressly exempts from its provisions for confidentiality any information which, by virtue of Code Ann. § 2-2001, is mandated for inclusion in the fully detailed annual report to the General Assembly of the reasons for granting sentence relief to a prisoner.

Accordingly, we hold that Code Ann. § 77-533 is not unconstitutional under Code Ann. § 2-2001 and that, in holding otherwise, the trial court erred.

As noted, however, Code Ann. § 2-2001 demands an annual report, in full detail, of the reasons for granting sentence relief to a prisoner. In the present case the Taliaferro County Grand Jury subpoenaed documents relating to the State Board's *grant* of commutation to Mr. Hubbard.

Accordingly, we hold that at least a portion of the subpoenaed information in this case may fall within the scope of the disclosure provisions of Code Ann. § 2-2001 and not within the scope of the confidentiality provisions of Code Ann. § 77-533. The confidentiality provisions of Code Ann. § 77-533 clearly apply to all information, documents, memoranda, and records of the Board of Pardons and Paroles except those required to be made available to the General Assembly under Code Ann. § 2-2001, and except the transcripts of any hearing conducted by the Board in any matter.

Thus, while we reverse the trial court's holding that Code Ann. § 77-533 is unconstitutional under Code Ann. § 2-2001, we agree with the trial court's denial of Morris' motion to quash as premised on the confidentiality provisions of Code Ann. § 77-533.

2. Code Ann. § 38-801 (b) provides that "[T]he court, upon

written motion made promptly and in any event at or before the time specified in the subpoena for compliance therewith, may (1) quash or modify the subpoena if it is unreasonable . . ." See also, United States v. Dionisio, 410 U. S. 1, 11, 12 (93 SC 764, 35 LE2d 67) (1973). ("The Fourth Amendment provides protection against a grand jury subpoena duces tecum too sweeping in its terms 'to be regarded as reasonable.' Hale v. Henkel, 201 U. S. 43, 76 . . .").

An individual moving to quash a grand jury subpoena duces tecum as unreasonable has the general burden of persuasion. However, regarding the relevancy component of reasonableness, we hold that the party who causes the subpoena duces tecum to issue has the burden of going forward, and that in the present case the Taliaferro Grand Jury has the duty to make a prima facie showing that the subpoenaed documents are relevant to a legitimate grand jury investigation.

The reason for this allocation of the burden of going forward is that the secrecy of grand jury deliberations insures that the party moving to quash a subpoena duces tecum has no precompliance knowledge of the subject matter of the investigation.

"Relevance and materiality necessarily are terms of broader content in their use as to a grand jury investigation than in their use as to the evidence of a trial. They must be given practical meaning in relation to the [investigatory] functions which a grand jury is designed to serve. . . Some exploration or fishing necessarily is inherent and entitled to exist in all documentary productions sought by a grand jury." Schwimmer v. United States, 232 F2d 855, 862-63 (8th Cir. 1956), cert. denied, 352 U. S. 833 (77 SC 48, 1 LE2d 52) (1956).

Thus, we hold that the required prima facie showing of relevancy entails proof of the following: (1) the existence of a grand jury investigation; (2) a general characterization of the subject matter and purpose of said investigation; and (3) the fact that each general category of the subpoenaed documents bears *some* relevance to the investigation being pursued. See, In re Grand Jury Subpoenas Duces Tecum, 391 FSupp. 991, 994-99 (D.R.I. 1975). If the subpoenaed documents in this case are found to be relevant to a legitimate grand jury investigation, the trial court must then consider whether such documents fall within the scope of the non-privileged records of the Board, i.e., those containing information required to be furnished to the General Assembly.

In the present case, since the trial court declined to rule on the relevancy of the subpoenaed documents, we must reverse the trial court's denial of Morris' motion to quash and remand to the trial court for an adjudication of relevancy and scope of the requested

documents in accordance with this opinion.
*Judgment reversed. All the Justices concur.*

ARGUED JULY 9, 1980 — DECIDED OCTOBER 7, 1980.

*Arthur K. Bolton, Attorney General, Don A. Langham, First Assistant Attorney General, Russell N. Sewell, Assistant Attorney General,* for appellant.
*Kenneth Goolsby, District Attorney,* for appellees.