## A96A1938. BAZEMORE v. THE STATE.
### (506 SE2d 177)

Judge Harold R. Banke.

The case is again before this Court because our Supreme Court granted certiorari in *Bazemore v. State*, 225 Ga. App. 741 (484 SE2d 673) (1997), which affirmed Bazemore's convictions for driving with an unlawful alcohol concentration and speeding, and remanded the case for reconsideration in light of *Price v. State*, 269 Ga. 222, 224 (2) (498 SE2d 262) (1998). *Held*:

1. The State's motion to certify to the Supreme Court a question concerning the relationship of the *Price* decision to OCGA § 17-16-1 et seq. is denied.

2. Division 5 of *Bazemore*, which affirmed the trial court's order quashing a subpoena for production at trial of documents from the GBI Crime Lab, is the only section of *Bazemore* affected by the *Price* decision. *Bazemore*, supra at 745-746. Division 2 of *Price*, 269 Ga. at 224, reversed Price's conviction because the trial court quashed a subpoena to the GBI Crime Lab for the printed results of the gas chromatograph and the analyst had testified that the results were readily available. Id. at 224. The Supreme Court found that Price was entitled to the results under OCGA § 40-6-392 (a) (4): "Upon the request of the person who shall submit to a chemical test or tests at the request of a law enforcement officer, full information concerning the test or tests shall be made available to him or his attorney."

The Supreme Court held that this discovery provision was broader than the former criminal discovery provisions and that such documents connected to alcohol tests were now discoverable. *Price*, 269 Ga. at 224. *Price* also relied upon *Eason v. State*, 260 Ga. 445, 446-447 (396 SE2d 492) (1990), which held that an appellant has the right to subpoena certain documents and data from the GBI Crime Lab for the purpose of cross-examination. Id.

Bazemore's subpoena sought much more than that in *Price*. Bazemore's subpoena required a Crime Lab chemist to appear at trial and bring copies of "all chain of custody documents and all notes and information generated by the chemist pertaining to standards

and controls he used; all manuals, training materials, written techniques, methods, procedure or protocols referred to by him." *Bazemore*, 225 Ga. App. at 745 (5). The subpoena also specifically sought copies of the chromatographs. Upon the State's motion, the subpoena was quashed.

When a motion to quash is filed, the party serving the subpoena has the initial burden of showing the documents sought are relevant. OCGA § 24-10-22; *Morris v. State of Ga.*, 246 Ga. 510, 512 (2) (272 SE2d 254) (1980). If that is done, the party moving to quash has the burden of showing that the subpoena is unreasonable and oppressive. OCGA § 24-10-22 (b); *Morris v. State*, 246 Ga. at 512 (2). We cannot determine from the trial court's ruling whether the trial court based its decision to quash the subpoena on Bazemore's failure to carry his burden or upon the State's showing that the subpoena was unreasonable or oppressive. Consequently, we must vacate the judgment in this case and remand to the trial court for reconsideration of its ruling on the motion to quash in light of the Supreme Court's decisions in *Price* and *Eason*. Because the testimony of the State's chemist was evidence of Bazemore's unlawful blood level, we cannot state with any certainty from the record before us that any error in quashing the subpoena would be harmless. *Henderson v. State*, 255 Ga. 687, 689 (1) (341 SE2d 439) (1986).

Upon remand, the trial court should reconsider its earlier ruling on the motion to quash taking into consideration our Supreme Court's decisions in *Price* and *Eason*. In taking this position, we express no opinion on how much, if any, of the documents subpoenaed should be produced. As *Eason* states, Bazemore is not entitled to unlimited access to the work product of the expert, nor is he entitled to an unlimited "fishing expedition." *Eason*, 260 Ga. at 447, n. 2.

The judgment of the superior court regarding the charge of driving with an unlawful blood alcohol content is vacated, and the case is remanded to the trial court for reconsideration of its ruling on the State's motion to quash. Bazemore's conviction for speeding is affirmed.

Accordingly, the clerk of this Court will remove this appeal from the appellate docket and remand it to the trial court. If, after the trial court has reconsidered its decision on the State's motion to quash, the trial court may grant a new trial or enter a new judgment of conviction. If a new judgment of conviction is entered, Bazemore may, within 30 days of the trial court's ruling, file a notice of appeal from that decision.

*Judgment vacated in part and remanded with direction. Beasley and Blackburn, JJ., concur.*

DECIDED AUGUST 17, 1998.

*Monte K. Davis*, for appellant.
*Ralph T. Bowden, Jr., Solicitor, Noah H. Pines, W. Cliff Howard, Thomas E. Csider, Assistant Solicitors*, for appellee.