A00A1177. IN RE FULTON COUNTY GRAND JURY
PROCEEDINGS.
(535 SE2d 340)

PHIPPS, Judge.

The State issued a subpoena requiring J. D., a private investigator, to appear before the Fulton County Grand Jury and produce certain evidence acquired by him during his employment in S. D.'s divorce proceeding. Although J. D. moved to quash the subpoena in reliance on the attorney-client privilege, he later took the position that the subpoena should stand. S. D. intervened in this proceeding and also filed a motion to quash. S. D. appeals the superior court's denial of the motions to quash. He argues that the subpoenaed evidence is privileged and that the court's refusal to allow him to engage in limited cross-examination of J. D. violated his Sixth Amendment right of confrontation. We find no error and affirm.

In September 1996, S. D.'s wife sued him for divorce. After S. D. conferred with his divorce lawyer, a decision was made to hire a private investigator. J. D.'s services were used. According to the State, J. D. was retained to investigate a suspected affair between S. D.'s wife and David Coffin. On December 7 or 8, 1996, Coffin's residence was burglarized, and his handgun was stolen. On December 10, Coffin's house was destroyed by arson, and his body was found inside. He had been killed by a gunshot wound to the head. The wound was inflicted by his stolen gun.

S. D. and his wife later divorced. S. D. was arrested for Coffin's murder and related crimes, but the State was unable to secure an indictment. After Coffin's family offered a $200,000 reward to anyone providing information leading to the arrest of the murderer, J. D.'s attorney contacted the district attorney's office. Believing that J. D. had obtained evidence concerning the burglary or murder while conducting the divorce investigation, the State issued the subpoena requiring J. D. to produce photographs, video and audio recordings, and documents relating to any criminal or other activity involving Coffin.

The motions to quash were supported by the argument that J. D. was part of the legal network of persons representing S. D. and that all communications between S. D. and the investigator were therefore within the attorney-client privilege and work-product doctrine. In his motion, J. D. stated that in October 1996, he had been contacted by S. D.'s divorce lawyer and instructed to contact S. D. with regard to conducting an investigation in the pending divorce action; that he contacted S. D. and was instructed by him to conduct an investigation regarding the case; that he submitted a report to S. D. on December 5, 1996, regarding the results of the investigation; and that he also communicated information concerning the investigation

to counsel. J. D. also related that he and counsel had a standing arrangement under which the client would make direct payment to the investigator for his services with counsel acting as guarantor and that, in this instance, S. D. did pay for the investigator's services.

The trial court conducted a bifurcated hearing on the motions. At the first stage, attorneys representing S. D., J. D., and the State were present. Contrary to assertions contained in J. D.'s motion to quash, his attorney announced that the investigator did not consider himself to be part of S. D.'s network of legal representation because he did not render legal advice to him and that, in any event, some of S. D.'s communications to J. D. had been in furtherance of a crime.

To establish that the investigator had been part of S. D.'s legal team, his divorce lawyer testified. Among other things, he related that the decision to employ an investigator was made at a conference between counsel and S. D. and that, although he could not remember whether the idea originated with him or S. D., it was definitely counsel's decision to hire J. D., whose services he often used.

At the conclusion of counsel's testimony, the attorney representing S. D. in this proceeding requested an opportunity to cross-examine J. D. for the purpose of establishing whether he was employed in S. D.'s divorce action under such circumstances as to have brought him within the protection of the attorney-client privilege. The court decided to examine J. D. in camera.

After conducting the in camera examination, the court issued an order denying the motions to quash. It found that "the direction and control of the witness by the attorney [were] not sufficient to warrant the confidence which the attorney client privilege and work product doctrine require."

In this case, we are presented with two countervailing interests. The State has an interest in protecting the secrecy of grand jury proceedings by prohibiting disclosure of evidence to be presented to the grand jury.

> "Testimony before the grand jury has traditionally been unavailable to criminal defendants in this state. 'The grand jury as a public institution serving the community might suffer if those testifying today knew that the secrecy of their testimony would be lifted tomorrow. This "indispensable secrecy of grand jury proceedings" (cit.), must not be broken except where there is a compelling necessity.' (Cit.)" [Cit.][1]

S. D., on the other hand, has an interest in prohibiting disclosure

---

[1] *In re Hall County Grand Jury Proceedings*, 175 Ga. App. 349, 352 (3) (333 SE2d 389) (1985), writ of certiorari vacated as moot, 255 Ga. 241 (338 SE2d 864) (1985).

to the grand jury of information protected by the attorney-client privilege. This privilege is enshrined in OCGA § 24-9-24, which provides that communications to any attorney "or to his employee" to be transmitted to the attorney pending his employment or in anticipation thereof shall never be heard by the court. Accordingly, our Supreme Court in *Taylor v. Taylor*[2] held that an employee of an attorney who acquires knowledge of confidential client matters by virtue of his or her position cannot be compelled to testify to such matters. In *Revera v. State*,[3] this court held that a statement from the defendant given to an investigator by defense counsel was a privileged and confidential communication. Courts in other states have recognized that where a private investigator is employed by counsel to collect and assemble facts necessary for representation in pending or anticipated litigation, the protection of the attorney-client privilege extends to confidential communications between the client and investigator.[4] But the attorney-client privilege does not extend to communications which occur before perpetration of a fraud or commission of a crime and which relate thereto.[5] This is referred to as the crime-fraud exception to the privilege.

In *Hall County*, an accountant was called to appear as a witness before the grand jury. To certain questions, he invoked the accountant-client privilege, which is analogous to the privilege between attorney and client. The grand jury filed a motion to compel his testimony. Former clients of the accountant intervened. After conducting an in camera review of sealed affidavits summarizing other testimony heard by the grand jury, the trial court found that the testimony sought from the accountant was within the crime-fraud exception and granted the grand jury's motion. On appeal, the former clients argued that their due process rights were violated because they were not apprised of the contents of the material considered by the superior court. This court disagreed, holding that " '[t]he need to preserve the secrecy of an ongoing grand jury investigation is of paramount importance' " and that the " 'cautious use of in camera proceedings is appropriate to resolve disputed issues of privilege.' "[6] This court also held that "[a]n individual has no constitutional right 'to appear before the grand jury to . . . cross-examine witnesses. The (individual is) not on trial at this stage of the proceedings, and there-

---

[2] 179 Ga. 691, 693 (177 SE 582) (1934).

[3] 223 Ga. App. 450, 451-452 (1) (477 SE2d 849) (1996).

[4] *In the Matter of &c. Grand Jury Investigation*, 687 NYS2d 219 (County Ct. 1999); see *New Jersey v. Davis*, 116 N.J. 341, 360-362 (2) (561 A2d 1083, 1092) (1989); *Delap v. Florida*, 440 S2d 1242, 1246 (Fla. 1983); *Illinois v. Knippenberg*, 66 Ill.2d 276, 279 (362 NE2d 681) (1977).

[5] *Hall County*, supra at 350 (2).

[6] (Emphasis omitted.) *Hall County*, supra at 352 (3).

fore (such a) refusal [does not deny him] the right of confrontation. . . .' [Cit.]"[7]

Consistent with the *Hall County* case, S. D. concedes that he has no right to be present to be confronted with testimony relating to the substance of the evidence sought by the grand jury. But S. D. claims a procedural right to cross-examine J. D. on issues relating to whether the private investigator functioned in such capacity as to bring him within the protection of the attorney-client privilege. At the hearing below, S. D. argued that this was necessary because of inconsistent positions taken by J. D. in his motion to quash and by his attorney at the hearing. The superior court indicated that it would afford S. D. the opportunity to cross-examine J. D. if his testimony conflicted with the divorce lawyer's.

We have reviewed the testimony given by J. D. during his in camera examination by the superior court and find that it did not conflict with either the testimony provided by the divorce lawyer or with factual assertions contained in J. D.'s motion to quash. After offering this testimony, however, the investigator proceeded to testify to the substance of certain communications to him by S. D. after J. D. had conducted his investigation and informed counsel of the results thereof.

Under these circumstances, there was no violation of S. D.'s procedural rights. Because the investigator's testimony authorized the court to find that the subject communications from S. D. were made after the investigator ceased acting as an agent or employee of the attorney and that they fall within the crime-fraud exception to the attorney-client privilege, there are no substantive grounds for a reversal either.

*Judgment affirmed. Johnson, C. J., and Smith, P. J., concur.*

DECIDED JUNE 8, 2000

*Finestone & Morris, Bruce H. Morris*, for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Bettieanne C. Hart, Assistant District Attorneys*, for appellee.

---

[7] Id. at 351.