## A00A2568. LITLAND v. SMITH.
(543 SE2d 468)

MIKELL, Judge.

John Litland sued Jackie W. Smith for fraud and breach of an oral contract relating to the construction of Litland's home. The trial court converted Smith's motion to dismiss into a motion for summary judgment and entered judgment in favor of Smith. Litland appeals, arguing that the court erred in concluding that Smith acted in his corporate capacity and that there was no consideration for the alleged oral contract. We affirm.

In reviewing grants of summary judgment, "this [c]ourt conducts a de novo review of the law and the evidence." *Desai v. Silver Dollar City*, 229 Ga. App. 160, 163 (1) (493 SE2d 540) (1997). To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the non-moving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

Viewed in this light, the evidence shows that Smith is the president of Taurus Development, Inc. ("Taurus"), with whom Litland contracted to build his home. The contract contained a mandatory arbitration clause. Following an inspection, Litland and Smith realized that the home would not be completed by the closing date. Smith urged Litland to go forward with the closing and personally guaranteed that the work would be done to Litland's satisfaction; however, this agreement was not reduced to writing. The closing took place as scheduled.

The disputed items were not corrected. As a result, Litland filed suit against Smith "d/b/a Taurus Development, Inc.," alleging that he breached the oral agreement and committed fraud. Taurus was not a party to the litigation.

1. First, Litland challenges the court's determination as a matter of law that he had not contracted with Smith in an individual capacity. Litland argues that Smith acted individually when he made an oral promise to complete the work in a satisfactory manner. We disagree. "Because the cardinal rule of corporate law is that a corporation possesses a legal existence separate and apart from that of its officers and shareholders, the mere operation of a corporate business does not render one personally liable for corporate acts." *Fuda v. Kroen*, 204 Ga. App. 836, 837 (1) (420 SE2d 767) (1992). "[I]nsulation from liability is an inherent purpose of incorporation." *Clark v. Cauthen*, 239 Ga. App. 226, 227 (2) (520 SE2d 477) (1999).

We conclude that the trial court properly found that Smith acted on behalf of the corporation in his dealings with the plaintiff. Litland admits that he contracted with Taurus for the construction of his

home, and he has not attempted to pierce the corporate veil to hold Smith liable for an alleged breach by Taurus. Because Litland knowingly contracted with Taurus, he is estopped from denying its corporate existence in an effort to avoid the mandatory arbitration clause. OCGA § 14-5-4.

2. Litland inexplicably raises an argument regarding the Statute of Frauds in connection with the preceding enumerated error, perhaps in an effort to bolster his claim against Smith individually. Litland contends that Smith's alleged promise constituted an original undertaking, in which Smith substituted himself as the party required to perform, releasing Taurus from its obligation under the contract, and, therefore, the agreement was not subject to the Statute of Frauds. See *Donald H. Gordon Co. v. Carswell*, 184 Ga. App. 701, 704 (362 SE2d 483) (1987); OCGA § 13-5-30 (2).

The trial court did not rule on whether the alleged agreement was subject to the Statute of Frauds, however. "Issues presented for the first time on appeal furnish nothing for us to review, for this is a court for correction of errors of law committed by the trial court where proper exception is taken." *Lee v. American Central Ins. Co.*, 243 Ga. App. 759, 761 (1) (530 SE2d 731) (2000). See also *Mapp v. Drake*, 178 Ga. App. 830, 831 (344 SE2d 682) (1986).

Furthermore, even if we were able to consider the merits of Litland's argument, he would not prevail. In order for a promise to be considered an original undertaking, the new promisor, for valuable consideration, must substitute himself as the party who is to perform, and the original promisor must be released. *Donald H. Gordon Co.*, supra, 184 Ga. App. at 704. In the case sub judice, the record is devoid of any evidence demonstrating that Smith acted in any capacity other than as the president of Taurus, or that Taurus was released from its obligation under the contract. Thus, the alleged agreement was not an original undertaking and would have been unenforceable under the Statute of Frauds had the court considered this argument. OCGA § 13-5-30 (2).

3. In his next enumeration, Litland argues that the court erred in concluding that the alleged oral agreement fails for want of consideration. Likewise, this argument has no merit.

Assuming, arguendo, that the alleged promise by Smith constituted a new oral contract, it must be supported by consideration separate from that which formed the basis for the former contract between Litland and Taurus. *Bearden v. Ebcap Supply Co.*, 108 Ga. App. 375 (133 SE2d 62) (1963). Litland produced no evidence of additional consideration for the alleged agreement. Thus, the trial court correctly granted summary judgment in Smith's favor.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED DECEMBER 11, 2000.

*Morgan M. Robertson*, for appellant.
*Talley & Darden, Charles L. Davis, Jr.*, for appellee.