## A01A1940. IN RE DEKALB COUNTY SPECIAL GRAND JURY PROCEEDINGS.
### (555 SE2d 791)

ELLINGTON, Judge.

The "three corporate officers or employees of S.I.D., Inc."[1] directly appeal the superior court's order denying their joint motion to quash the DeKalb County special grand jury's subpoena duces tecum upon S.I.D., Inc. for certain corporate records. The order appealed allows the subpoena, which was properly served upon the corporation's custodian of records, to stand. The superior court concluded that neither the corporation nor its corporate officers may claim a privilege in or against the production of S.I.D., Inc.'s corporate records. For the following reasons, we must dismiss this appeal.

The denial of a motion to quash a grand jury subpoena is not a final order, and because S.I.D., Inc. and its corporate officers failed to follow the interlocutory appeal procedure, we lack jurisdiction to consider the merits of this appeal. An order denying a motion to quash a grand jury subpoena is not a final order within the meaning of OCGA § 5-6-34 (a). See *Cobbledick v. United States*, 309 U. S. 323, 327-328 (60 SC 540, 84 LE 783) (1940). An appeal from such an order must be made by application, pursuant to the interlocutory appeal procedure set forth in OCGA § 5-6-34 (b). See *Morris v. State*, 246 Ga. 510 (272 SE2d 254) (1980). Or, the party subpoenaed may refuse to comply with the court's order, litigate the issue in a contempt proceeding, and then directly appeal the finding of contempt. See *Cobbledick*, 309 U. S. at 328; *Johnson & Johnson v. Kaufman*, 226 Ga. App. 77, 81 (485 SE2d 525) (1997).

Although we allowed a direct appeal of an order denying a motion to quash a grand jury subpoena under the collateral order doctrine[2] in *In re Hall County Grand Jury Proceedings*, 175 Ga. App. 349, 350 (1) (333 SE2d 389) (1985), the circumstances of that case, unlike the instant appeal, fell within a unique exception to the gen-

---

[1] Although this appeal is brought by the "three corporate officers or employees of S.I.D., Inc.," it is not entirely clear in what capacity or on whose behalf they intended to appeal. Both in this appeal and in the proceedings below, appellants blur the distinctions between individuals, corporate officers, and the corporation. It is fundamental that corporations possess a legal existence separate and apart from that of its officers and employees, e.g., *Litland v. Smith*, 247 Ga. App. 277 (1) (543 SE2d 468) (2000), and that fact can be critical to questions of standing to quash and standing to appeal, see, e.g., *In re Grand Jury*, 111 F3d 1066, 1071 (II) (A) (3rd Cir. 1997). Because we are dismissing this appeal for jurisdictional reasons that apply to both the corporation and its officers, however, we do not attempt to resolve any ambiguities with respect to the appellants' capacity or standing to appeal.

[2] See generally *Scroggins v. Edmondson*, 250 Ga. 430, 431-432 (1) (c) (297 SE2d 469) (1982) (order cancelling notice of lis pendens is a directly appealable collateral order); *Patterson v. State*, 248 Ga. 875, 876-877 (287 SE2d 7) (1982) (denial of plea in bar on double jeopardy grounds is a directly appealable collateral order).

eral rule requiring the finality of appealable orders. The *Hall County* order fell within what the federal courts termed the *"Perlman* exception." Under the *Perlman* exception, an intervenor may immediately appeal an order denying a motion to quash a subpoena duces tecum which was served upon a third-party custodian of records because that third party presumably lacked a sufficient stake in the proceedings to risk contempt for its noncompliance. *Perlman v. United States*, 247 U. S. 7 (38 SC 417, 62 LE 950) (1918); *United States v. Ryan*, 402 U. S. 530, 533 (91 SC 1580, 29 LE2d 85) (1971); *In re Grand Jury Subpoena*, 190 F3d 375, 382-383 (II) (C) (5th Cir. 1999). Consequently, in *Hall County*, when the grand jury sought records from an accountant, we allowed the accountant's clients, as intervenors, to appeal the denial of the motion to quash to protect whatever privilege they might assert in the documents sought. See 175 Ga. App. at 349-350. For the same reason, we allowed an intervenor asserting the attorney-client privilege to immediately appeal an order denying a motion to quash a grand jury subpoena that had been served upon a private investigator whom the intervenor's attorney had hired in the intervenor's divorce proceeding. *In re Fulton County Grand Jury Proceedings*, 244 Ga. App. 380 (535 SE2d 340) (2000). Further, we find that the *Perlman* exception applies only where the subpoenaed party is truly "disinterested," that is, does not share the intervenor's privilege and is not subject to the intervenor's control. See *In the Matter of a Grand Jury Subpoena*, 411 Mass. 489, 495 (1) (583 NE2d 241) (1992).

This appeal is not brought by intervenors who claim that a disinterested third-party custodian of records cannot or will not protect their rights in any subsequent proceeding to compel the documents. The corporation, S.I.D., Inc., may protect whatever privilege it claims in the documents sought by refusing to comply with the court's order, risking contempt, and then directly appealing any resulting contempt order. Further, pretermitting whether the appellants properly intervened below, they, as the only corporate officers of S.I.D., Inc., control the corporation's actions. We may presume that S.I.D., Inc. will act to protect whatever privilege or interest the appellants claim in the subpoenaed documents. Consequently, the *Perlman* exception does not apply, the order appealed does not fall within the definition of a collateral[3] order, and we lack jurisdiction to entertain a direct appeal.

Finally, we do not believe it would be appropriate to extend the

---

[3] Because, as discussed above, the subpoena at issue may be challenged further in a contempt proceeding, the trial court's order refusing to quash it does not "constitute a complete, formal, and . . . final" resolution of the issue sought to be appealed. Therefore, it is not a collateral order. *Patterson v. State*, 248 Ga. at 876.

collateral order doctrine to reach the merits of the superior court's order in this case. We are extremely loath to interfere in a grand jury's ongoing criminal investigation. As this Court stated:

> The inquisitorial power of the grand jury is the most valuable function which it possesses to-day and, far more than any supposed protection which it gives to the accused, justifies its survival as an institution. As an engine of discovery against organized and far-reaching crime, it has no counterpart. Policy emphatically forbids that there should be any curtailment of it except in clearest cases.

(Citation and punctuation omitted.) *Howard v. State*, 60 Ga. App. 229, 236 (4 SE2d 418) (1939). In this context, delays necessitated by appeals create opportunities for criminals to suborn perjury, to destroy evidence, to intimidate witnesses and grand jurors, and to continue their criminal enterprises. Further, premature disclosure of grand jury secrets may compromise law enforcement efforts and damage the reputations of individuals a grand jury's final investigation may have exonerated. Consequently, we will not allow direct appeals from denials of motions to quash grand jury subpoenas except in the narrow circumstances set forth above.

*Appeal dismissed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED OCTOBER 23, 2001 — RECONSIDERATION DENIED NOVEMBER 8, 2001 — 

*Brian Steel, Dwight L. Thomas, Shandor S. Badaruddin*, for appellant.

*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Assistant District Attorney*, for appellee.