# Court of Appeals
# of the State of Georgia

ATLANTA,  August 09, 2022

*The Court of Appeals hereby passes the following order:*

**A22A0757.  GRIFFITH v. THE STATE.**

LaKeisha Griffith filed a direct appeal of the trial court's denial of her motion to suppress bank records she contends were obtained in violation of the Uniform Act to Secure the Attendance of Witnesses from Without the State, OCGA § 24-13-90 et seq. (the "Act") However, because Griffith did not follow the interlocutory appeal procedures, this Court is without jurisdiction to consider this appeal.

Griffith is facing one misdemeanor count of theft by conversion, based on allegations that she stole money from a DeKalb County school. In December 2019, a DeKalb County grand jury issued a subpoena to Griffith's Texas-based bank, requiring a bank representative to appear at a January 2020 grand jury proceeding or send Griffith's bank records to DeKalb County School Police. The bank sent the records in lieu of appearing before the grand jury. Presumably based on the information from the bank, a warrant for Griffith's arrest was issued.

Thereafter, Griffith filed a "motion to suppress" the bank records, arguing that the State should have obtained a search warrant for the records and had failed to comply with the Act. Although denominated as a motion to suppress, Griffith's motion does not allege any Fourth Amendment violation. See OCGA § 17-5-30. After an October 27, 2021 hearing, the trial court found that any procedural error on the State's part that violated the Act was not prejudicial and, even if the court suppressed the records, the State could merely obtain another subpoena or a search warrant for the records. Accordingly, the trial court denied the motion on November 2, 2021.

Griffith thereafter sought a certificate of immediate review, which the trial court denied. Griffith then filed the instant direct appeal, asserting that she had a right

to appeal under the collateral order doctrine. The State, in response, filed a motion to dismiss the appeal, arguing that the November 2 order was not a collateral order. Ultimately, the trial court denied the State's motion to dismiss, finding that it lacked jurisdiction to dismiss the appeal. See *Jones v. Peach Trader Inc.*, 302 Ga. 504, 510 (II) (807 SE2d 840) (2017) ("the appellate court is the sole authority in determining whether a filed notice of appeal . . . is sufficient to invoke its jurisdiction") (citation and punctuation omitted).

"This [C]ourt has a duty to inquire into its jurisdiction to entertain each appeal and review the alleged errors of the trial court. Where it is apparent that jurisdiction to decide the case does not exist, the appeal must be dismissed." *Forest City Gun Club v. Chatham County*, 280 Ga. App. 219, 220 (633 SE2d 623) (2006) (citations omitted). Whether Griffith's motion is construed as a motion to suppress evidence obtained as the result of an illegal search and seizure or a discovery order, see id. ("pleadings, motions, and orders are construed according to their substance and function and not merely by nomenclature"), the trial court's November 2 order is a non-final order, and such orders are generally subject to the interlocutory appeal procedure.[1] See OCGA § 5-6-34 (b); see, e.g., *Forest City Gun Club*, 280 Ga. App. at 221-222 (appeal of pre-trial evidentiary ruling required compliance with interlocutory appeal procedures); *In re DeKalb County Special Grand Jury Proceedings*, 252 Ga. App. 359, 359 (555 SE2d 791) (2001) (order denying motion to quash subpoena is not a final order); *McDowell v. State*, 158 Ga. App. 712, 712-713 (282 SE2d 125) (1981) (denial of a motion to suppress is not a final judgment; therefore defendant was required to follow interlocutory application procedure).

---

[1] We note that as a general rule, discovery rulings do not constitute collateral orders. See *Gen. Motors Corp. v. Hammock*, 255 Ga. App. 131, 131 (564 SE2d 536) (2002). However, this Court has carved out an exception where the subpoenaed party is a disinterested party. See *Hickey v. RREF BB SBL Acquisitions, LLC*, 336 Ga. App. 411, 411-414 (1) (785 SE2d 72) (2016); accord *WellStar Kennestone Hosp. v. Roman*, 344 Ga. App. 375, 377 n. 6 (810 SE2d 600) (2018). Thus, if the bank were challenging the subpoena, then the collateral order exception would apply. But the bank is raising no such challenge here.

Griffith maintains that she is entitled to a direct appeal from the trial court's interlocutory order under the collateral order exception to the final judgment rule. We disagree.

Under the collateral order doctrine, an interlocutory order may be appealed directly if it: "(1) resolves an issue that is substantially separate from the basic issues to be decided at trial, (2) would result in the loss of an important right if review had to await final judgment, and (3) completely and conclusively decides the issue on appeal[.]" *Britt v. State*, 282 Ga. 746, 748 (1) (653 SE2d 713) (2007) (citation and punctuation omitted); accord *Scroggins v. Edmondson*, 250 Ga. 430, 432 (1) (c) (297 SE2d 469) (1982).

Specifically, Griffith contends that the trial court's order should be considered a collateral order because her rights to a fair trial, due process, and to be free from unreasonable search and seizure would be lost if review had to await final judgment. This argument is unpersuasive.

The trial court's ruling — that the evidence of Griffith's crime is admissible in Griffith's criminal trial — is intertwined with the merits of the case. Moreover, Griffith will be able to challenge the use of this evidence should she be convicted. Finally, taken to its logical conclusion, Griffith's position would permit interlocutory review of all trial court orders denying motions to suppress or similar evidentiary rulings. If this were so, the collateral order exception would swallow the general rule that non-final orders must come by interlocutory application. Notably, Griffith has pointed to no authority applying the collateral order doctrine in similar circumstances.

To the contrary, criminal defendants seeking review of denials of motions to suppress must obtain review by complying with the interlocutory appeal procedures, including obtaining a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b). Compare *Ramsey v. State*, 306 Ga. App. 726, 726 (703 SE2d 339) (2010) (reviewing trial court's denial of defendant's motion to suppress evidence of marijuana discovered during pat-down where trial court granted defendant certificate of immediate review and defendant filed application for interlocutory review) with *Fleming v. State*, 122 Ga. App. 727, 727 (178 SE2d 556) (1970) (dismissing appeal

from trial court's denial of defendant's motion to suppress evidence where defendant failed to obtain certificate of immediate review within 10 days of entry of order). Because Griffith did not follow the interlocutory appeal procedures, this Court is without jurisdiction to consider this appeal, and the same is dismissed.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,__08/09/2022_____*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____*, Clerk.*