# Court of Appeals
# of the State of Georgia

ATLANTA,  January 31, 2025

*The Court of Appeals hereby passes the following order:*

**A25A0263.  ALLIED PROFESSIONAL INSURANCE COMPANY v. M. C.**

Allied Professional Insurance Company brings this direct appeal from the trial court's order granting plaintiff M. C.'s motion to compel discovery responses. We lack jurisdiction.

Although M. C. has not filed a motion to dismiss the appeal, "it is nevertheless the duty of this Court on its own motion to inquire into its jurisdiction." *Radio Sandy Springs, Inc. v. Allen Road Joint Venture*, 311 Ga. App. 334, 334-335 (715 SE2d 752) (2011). And "[j]urisdiction of the appellate court must be established as part of the appellant's burden." Appellate Handbook for Georgia Lawyers (2019-2020 ed.), Vol. 1, § 2.9, p. 40.

"[A] discovery order directed at a *disinterested* third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance." (Emphasis supplied; punctuation and citation omitted.) *Hickey v. RREF BB SBL Acquisitions, LLC*, 336 Ga. App. 411, 412-413 (1) (785 SE2d 72) (2016); see also *In re DeKalb County Special Grand Jury Proceedings*, 252 Ga. App. 359, 360 (555 SE2d 791) (2001).

Here, Allied has not provided evidence to show that it is a disinterested third party entitled to a direct appeal. Although the parties agree that Allied has produced the insurance policy at issue, that policy is not in the record, and we are thus in no

position to determine whether or not Allied is disinterested. Under these circumstances, Allied has not shown that it is entitled to a direct appeal rather than an interlocutory appeal, which requires a certificate of immediate review from the trial court. See OCGA § 5-6-34 (b); *Dekalb County Special Grand Jury*, 252 Ga. App. at 360 (a corporation resisting a subpoena could "protect whatever privilege it claims in the documents sought by refusing to comply with the court's order, risking contempt, and then directly appealing any resulting contempt order," and was thus not entitled to a direct appeal under the collateral order doctrine).

Because Allied has not shown that it is entitled to a direct appeal in this discovery matter, and because it did not obtain a certificate of immediate review from the trial court, we DISMISS this appeal.



Court of Appeals of the State of Georgia
 Clerk's Office, Atlanta,___01/31/2025_____

　　　I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

　　　Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.