**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 20, 2025**

# In the Court of Appeals of Georgia

A25A0183. WASHINGTON STREET APARTMENTS, LLC et al.
v. FREDD.

MCFADDEN, Presiding Judge.

Washington Street Apartments, LLC, Washington Properties, GP (collectively, "Washington"), and Mark Carrier appeal from the denial of their motion for summary judgment on claims brought by William Fredd seeking relief under the Georgia Uniform Voidable Transactions Act ("UVTA") and seeking to pierce the corporate veil.[1] Contrary to the appellants' argument, there is evidence of a creditor-debtor relationship under the UVTA, so we affirm the trial court's denial of summary judgment on the UVTA claims. But we agree with the appellants that Fredd has not

---

[1] Oral argument was held in this case on December 4, 2024, and is archived on the court's website. See Court of Appeals of Georgia, Oral Argument, Case No. A25A0183 (December 4, 2024), available at https://vimeo.com/1036776520.

pointed to specific evidence showing an abuse of the corporate form, so we reverse the denial of summary judgment as to the claim for piercing the corporate veil.

1. *Facts and procedural posture*

Viewed in the light most favorable to Fredd as the nonmovant, see *Progressive Mountain Ins. Co. v. Vining*, 373 Ga. App. 663, 663-664 (908 SE2d 350) (2024), the evidence shows that Carrier was the owner and manager of Washington, which owned an apartment complex. Fredd was injured while working at the complex when unsecured flooring collapsed, causing him to fall into a hole. After the incident, the apartment complex was sold, Washington's assets were depleted, and the company was terminated.

Fredd filed a complaint against Washington and Carrier,[2] asserting multiple counts, including a negligence claim for failing to maintain the premises, claims for fraudulent transfer of assets under the UVTA, and a claim to hold Carrier personally liable under the theory of piercing the corporate veil. Washington and Carrier moved for summary judgment on, among other counts, the UVTA and piercing the corporate veil claims. The trial court denied the motion, finding that questions of fact remain as

---

[2]The complaint also named four other individual defendants, all of whom have been dismissed from the action and are not parties to this appeal.

to whether a creditor-debtor relationship exists between Fredd and Washington under the UVTA and whether Carrier disregarded the corporate entity so that the corporate veil may be pierced. The trial court issued a certificate of immediate review of its order, we granted Washington and Carrier's application for interlocutory review, and this appeal followed.

2. *Uniform Voidable Transactions Act claims*

Washington contends that Fredd's UVTA claims fail as a matter of law because there is no creditor-debtor relationship as required by the UVTA. We disagree.

"The UVTA is codified at OCGA § 18-2-70 et seq." *Premier Residential SE v. Silverstone Residential*, 368 Ga. App. 142, 149 (2) (889 SE2d 325) (2023). It "makes certain transfers of assets by a debtor voidable as to a creditor." *Enlow v. Enlow*, 352 Ga. App. 865, 867 (1) (836 SE2d 128) (2019). See OCGA § 18-2-74 (a) (1) (transfer voidable if debtor made it with actual intent to hinder, delay, or defraud creditor); OCGA § 18-2-75 (a) (transfer voidable if debtor made it without receiving reasonably equivalent value). As defined in the UVTA, "'[c]reditor' means a person who has a claim, regardless of when the person acquired the claim, together with any successors or assigns." OCGA § 18-2-71 (4). "'Debtor' means a person who is liable on a claim."

3

OCGA § 18-2-71 (6). "'Claim,' *except for claim for relief*, means a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." OCGA § 18-2-71 (3) (emphasis supplied). As indicated by the italicized language above, the UVTA "distinguishes 'claim' and 'claim for relief.' Whereas the 'claim for relief is the [UVTA] action itself, 'claim' is the predicate on which that action is based." *Alliant Tax Credit 31 v. Murphy*, 924 F3d 1134, 1151 (V) (B) (11th Cir. 2019) (citation and punctuation omitted).

Washington argues that because it has not yet been found to be "legally obligated" on Fredd's predicate claim for negligent failure to maintain the premises, it is not yet "liable on a claim" and therefore is not a debtor as defined in OCGA § 18-2-71 (6). Washington has not cited, and we have not found, any Georgia case directly on point. Although in *Bishop v. Patton*, 288 Ga. 600 (706 SE2d 634) (2011), overruled in part on other grounds by *Wasserman v. Franklin County*, 320 Ga. 624, 649 n. 14 (2) (911 SE2d 583) (2025), our Supreme Court addressed the applicability of the UVTA's

4

predecessor, the Uniform Fraudulent Transfer Act ("UFTA"), to the transfer of property made before judgment on a tort claim.[3]

> Even before the enactment of the Georgia UFTA, this Court had held that asset transfers made in anticipation of the filing of a wrongful death action against a murderer may be set aside as fraudulent. And while not a common scenario, it was well established at the time the General Assembly enacted the Georgia UFTA that the model UFTA applied to instances where one has conveyed his real property in anticipation of committing a tort which likely would involve a judgment against him. The official commentary to the uniform law confirms that . . . the holder of a contingent tort claim may be a creditor protected by this Act. Unif. Fraudulent Transfer Act § 1 cmt. 4, 7A ULA 654 (2004).

*Bishop*, supra at 606 (3) (b) (citations and punctuation omitted). Indeed, the official commentary to the UVTA still provides that a creditor with a contingent tort claim may be protected under the Act. ULA Void Trans § 1 cmt. 4, Uniform Voidable Transactions Act (2014).

Given "the dearth of Georgia decisions construing the provisions of the Georgia [UVTA], we look to the decisions of other jurisdictions for guidance." *Truelove v. Buckley*, 318 Ga. App. 207, 209 (1) (733 SE2d 499) (2012). So we look to a recent decision of a federal district court that did not involve the UVTA, but did involve a

---

[3] "The UFTA was revised and renamed the Uniform Voidable Transactions Act in 2015[.]" *Georgia Commercial Stores v. Forsman*, 342 Ga. App. 542 n. 1 (803 SE2d 805) (2017). See Ga. L. 2015, p. 996, § 4A-1/SB 65.

fraudulent transfer statute with the same definitions of "creditor" and "debtor" as the UVTA, and it rejected the same argument now before us — that defendants were not debtors since there was not yet a determination that they were liable on a pending claim.

> In this [c]ourt's view, the . . . [d]efendants interpret the statutory definition of "debtor" too narrowly. Under the [statute], a creditor is a "person who has a claim," and a debtor is a "person who is liable on a claim." A claim is a "right to payment, whether or not the right is reduced to judgment." As one court has explained: if the court were to accept the [d]efendants' contention that "liable" means . . . obligated by law[,] and [thus] assume that a debtor is not bound or obligated in law until it has a judgment against it, the [d]efendants['] definition would restrict claim[s] to judgments. The statute clearly states, however, that a claim includes the filing of a disputed [or contingent claim] not yet reduced to judgment. The [d]efendants' definition of "liable" . . . would thus be inconsistent with the [statute's] definition of "claim[,]" which includes disputed rights to payment not reduced to judgment.

*Seltz v. Swepi, LP*, No. 1:23-OCGA §-243-SPB, 2024 U. S. Dist. LEXIS 174770 at *18-19 (IV) (A) (iii) (W.D. Penn. Sept. 26, 2024) (citations and punctuation omitted) (construing the Texas Uniform Fraudulent Transfer Act, Tex. Bus. & Com. Code §§ 24.001 et seq.).

While not binding, we find this rationale persuasive. Here, Washington's contention that there must first be a determination that it is legally obligated on

Fredd's negligence claim before it can be deemed a debtor is inconsistent with the UVTA's provision that such a predicate claim may include a right to payment that has not yet been reduced to judgment, that is in dispute, or that is contingent. OCGA § 18-2-71 (3). Thus, a debtor "who is liable on a claim[,]" OCGA § 18-2-71 (6), includes a person who is liable on a right to payment that, like Fredd's negligence claim, has not yet been reduced to judgment, is in dispute, and is contingent on obtaining a judgment.

Moreover, in another state that has enacted the UVTA, "a tort claimant before judgment is rendered is a 'creditor' within the meaning of [the UVTA]. It is well settled in this state that the relationship of debtor and creditor arises in tort cases the moment the cause of action accrues. One having a claim for a tort is a creditor before the commencement of an action thereon[.]" *Oiye v. Fox*, 211 Cal. App.4th 1036, 1057 (V) (B) (151 Cal. Rptr. 3d 65) (2012) (citations and punctuation omitted). See also *Codexis, Inc. v. Enzymeworks, Inc.*, No. 3:16-OCGA §-00826-WHO, 2017 U. S. Dist. LEXIS 156659 at *14-15 (IV) (N. D. Cal. Sept. 25, 2017) (citing *Oiye*, supra, to reject defendant's argument that plaintiff could not bring UVTA action until obtaining a

judgment on the underlying claim since such a claim need not be reduced to judgment before there is a creditor-debtor relationship).

"The [Georgia] UVTA should be applied and construed to make uniform the law with respect to other states that enact the UVTA." *Windward Campus Owner v. Good Night Med. of Ohio*, 363 Ga. App. 177, 182 (1) n. 15 (871 SE2d 36) (2022) (punctuation omitted). See OCGA § 18-2-83 ("This article shall be applied and construed to effectuate its general purpose to make uniform the law with respect to the subject of this article among states enacting the Uniform Voidable Transactions Act.") (punctuation omitted). Consistent with the law discussed above, we conclude that Washington is a debtor under the Georgia UVTA and that there is a creditor-debtor relationship arising from Fredd's disputed, contingent tort claim that has not yet been reduced to judgment. The trial court thus did not err in denying summary judgment on that ground.

3. *Piercing the corporate veil*

The appellants assert that the trial court erred in denying summary judgment on Fredd's claim seeking to pierce the corporate veil. We agree.

"The concept of piercing the corporate veil is applied in Georgia to remedy injustices which arise where a party has over extended his privilege in the use of a corporate entity in order to defeat justice, perpetuate fraud or to evade contractual or tort responsibility." *LFR Investments v. Van Sant*, 355 Ga. App. 101, 105 (2) (842 SE2d 574) (2020) (citation and punctuation omitted). "We have long recognized that great caution should be exercised by the court in disregarding the corporate entity. . . . One who deals with a corporation as such cannot, in the absence of fraud, deny the legality of the corporate existence for the purpose of holding the owner liable." *G & E Constr. v. Rubicon Constr.*, 357 Ga. App. 55, 58 (3) (849 SE2d 785) (2020) (citations and punctuation omitted).

In moving for summary judgment on Fredd's theory of piercing the corporate veil, the appellants pointed to the absence of any evidence that the corporate form had been overextended to perpetuate a fraud or any other injustice. In responding to the motion, Fredd failed to point to any specific evidence giving rise to a genuine issue of material fact and made no cognizable argument that the corporate form had been abused to perpetuate a fraud. Fredd thus did not satisfy his burden of "point[ing] to specific evidence giving rise to a triable issue." *Henry v. Griffin Chrysler Dodge Jeep*

9

*Ram*, 362 Ga. App. 459, 461 (868 SE2d 827) (2022) (citation and punctuation omitted) (where the movant has shown an absence of evidence supporting the nonmovant's case, the nonmovant cannot rest on his pleadings, but must point to specific evidence creating a genuine issue of material fact).

Nevertheless, the trial court denied the appellants' motion for summary judgment, concluding that there was sufficient evidence creating genuine issues of material fact. See OCGA § 9-11-56 (c). But the evidence cited by the trial court did not support its conclusion. First, the court noted that Carrier was the manager, organizer, and registered agent of Washington, and controlled decision-making for the company, including the decision to sell the Washington property. But "the mere operation of a corporate business does not render one personally liable for corporate acts." *Litland v. Smith*, 247 Ga. App. 277 (1) (543 SE2d 468) (2000) (citation and punctuation omitted). See also *G & E Constr.*, supra at 58 (3) (the mere fact that a sole owner uses and controls a corporation is not a factor, there must be evidence of abuse of the corporate form).

The court also cited evidence that Carrier owned another company, Atlanta Metro Restoration ("AMR"), and claimed "that it is unclear when payments were

being made from or to Carrier individually, through AMR, or through [Washington]." But the court cited no evidence that any payments had been made from or to Carrier individually. Rather, the only specific evidence cited by the court was deposition testimony showing that when an AMR employee worked at Washington, Carrier would reimburse "AMR from [Washington] for his time." Such testimony that one legal entity paid another for the time of its employee does not show improper payments to or from Carrier or that he "disregarded the separateness of legal entities by commingling . . . otherwise separate properties, records or control." *Sun Nurseries v. Lake Erma*, 316 Ga. App. 832, 841 (3) (730 SE2d 556) (2012) (citation and punctuation omitted).

Under these circumstance, Fredd "has failed to point to evidence creating a question of material fact on the issue of [Carrier] abusing the forms by which [Washington] was maintained as a separate legal entity. . . . [So the trial court erred in finding] an issue of fact for the jury regarding piercing the corporate veil." *G & E Constr.*, supra at 60 (3) (citations and punctuation omitted).

*Judgment affirmed in part and reversed in part. Hodges and Pipkin, JJ., concur.*

11