A00A0567. GERALD S. MULLIS, P.C. v. SIKES.
(535 SE2d 533)

BLACKBURN, Presiding Judge.

Gerald S. Mullis, P.C. appeals from the trial court's grant of Marilyn Ann Sikes' motion to quash his attorney fee lien. For the reasons set forth below, we affirm.

Sikes had hired the Mullis firm to represent her in a personal injury matter on a contingency fee basis. While the Mullis firm was handling the case, one of the three tortfeasors settled with Sikes, and Mullis received $3,000 based upon the terms of the contingency fee contract. Thereafter, while the action against the two remaining

---

defendants was pending, Sikes discharged the Mullis firm and hired Jason Priebe, a former associate of the Mullis firm. Prior to his resignation from the Mullis firm, Priebe had worked on Sikes' case.

Following its discharge, the Mullis firm filed an attorney fee lien for the quantum meruit value of its services in Sikes' pending action. Mullis did not seek compensation based upon the contingency fee agreement. Sikes moved to quash the lien, and in response, the Mullis firm, through submissions to the trial court, presented evidence of its services to Sikes. The trial court granted the motion to quash the lien, finding that Mullis had already received compensation for the quantum meruit value of its services.

1. On appeal, Mullis argues for the first time that the trial court lacked the authority to rule upon the merits of its lien filed in the personal injury action. As this issue was not raised in the trial court, it cannot be considered for the first time on appeal. *Jackson v. Ga. Lottery Corp.*, 228 Ga. App. 239, 245 (2) (491 SE2d 408) (1997).

Moreover, Mullis *requested* the trial court rule upon the merits of the lien by stating: "We submit that all of the time which we have detailed on this case should be considered by the Court on a quantum meruit basis to establish the value of our services to satisfy the Lien of Gerald S. Mullis, P.C." And further, "[w]e respectfully ask that equity be done as to the fee division in this case." Mullis submitted evidence, including time records, for the trial court's review, and opposing counsel submitted rebuttal evidence. Mullis clearly acquiesced in the trial court's review of the merits of the lien. " 'No matter how erroneous a ruling of a trial court might be, a litigant cannot submit to a ruling or acquiesce in the holding, and then complain of the same on appeal.' " *Padilla v. Melendez*, 228 Ga. App. 460, 461-462 (1) (491 SE2d 905) (1997). As Mullis sought the very ruling of which it now complains, we will not extricate it from the predicament of its own making.

2. In two separate enumerations of error, Mullis argues that the trial court erred by granting the motion to quash after finding that the reasonable fee for all of Mullis' services was $3,000, which it had received in the first settlement. Mullis contends that the weight of the evidence is contrary to the trial court's decision.

"In bench trials, the findings of the trial court will not be set aside unless clearly erroneous and regard must be given to the trial court's opportunity to assess the credibility of the witnesses. OCGA § 9-11-52 (a). Moreover, the 'clearly erroneous' test is in essence the same as the 'any evidence' rule and appellate courts cannot disturb the findings of fact by the trial court if there is any evidence to support them."

*Thomas v. Dept. of Transp.*, 232 Ga. App. 639, 643 (3) (502 SE2d 748) (1998).

In this case, the trial court found that the quantum meruit value of Mullis' services was $3,000, and that Mullis had already been compensated in that amount by the settlement with one of the three defendants. The evidence in the record supports these findings since the services for which Mullis seeks compensation were provided prior to the pro tanto settlement.

> As the trial court's findings of fact are supported by evidence in the record, [Mullis'] arguments asking this court to interpret the evidence differently from the trial court are to no avail. Accordingly, [Mullis' enumerations] of error alleging that the judgment is against the weight of the evidence [are] without merit.

(Punctuation omitted.) *Thomas*, supra.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED JUNE 8, 2000.

*Mullis, Marshall, Lindley & Powell, Gerald S. Mullis*, for appellant.

*Lawson & Priebe, Jason K. Priebe*, for appellee.