## A08A0465. HART et al. v. NORTHSIDE HOSPITAL, INC.
### (661 SE2d 576)

BLACKBURN, Presiding Judge.

In this medical malpractice case, Grady and Gayle Hart appeal the grant of summary judgment to Northside Hospital, Inc. ("Northside"), contending that the trial court erred in (1) granting a motion in limine to exclude testimony of expert witnesses not timely identified during discovery, and (2) ruling that, because the Harts did not timely identify an expert witness to testify at trial, they could not meet their burden to prove their negligence claims. Because binding precedent holds that exclusion of evidence is not an appropriate remedy for curing a discovery omission, we are constrained to reverse and remand.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the record shows that in January 2003, while Grady received cardiac care at Northside, it was necessary for him to be catheterized to void his bladder. After the treating physician ordered that the catheter be discontinued, a Northside "patient care technician" attempted to remove the catheter without properly emptying and deflating a bulb at the end. According to the Harts' verified complaint, a nurse eventually entered the room, voided and deflated the bulb with a syringe, and removed the catheter, but not before Grady had become injured by the prior improper attempts at removal.

In January 2005, the Harts sued Northside, alleging one count of ordinary negligence and one count of medical negligence. Attached to their complaint was an affidavit by a registered nurse licensed in Georgia, who opined that Northside failed to meet the standard of care in removing the catheter. Northside responded with a verified

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

answer denying liability. In March 2005, the Harts' attorney sought permission to withdraw from the case, which request was granted in April. From March to August 2005, the Harts proceeded with discovery pro se, responding to and propounding several discovery requests. Several times Northside requested that the Harts identify their expert witnesses, and although the nurse was identified once, the Harts later withdrew her as an expert and responded that no expert was identified yet.[2]

Eventually, the Harts retained new counsel who filed an appearance on August 31, 2005. Based on an agreement between the parties, the trial court entered a scheduling order extending the discovery deadline from August 4 to December 15, 2005. On November 9, 2005, the Harts' new counsel responded to Northside's expert discovery request, stating that they still had not identified an expert to testify at trial.

After the close of discovery, and with no expert identified by the Harts, Northside filed a motion in limine to exclude any testimony by plaintiffs' experts not disclosed during discovery and a motion for summary judgment based on the Harts' failure to meet their burden to show negligence.[3] The Harts responded by belatedly identifying two experts, but the trial court found that the Harts had not timely identified an expert to testify and granted both motions, giving rise to this appeal.

1. The Harts contend that the trial court abused its discretion in granting the motion in limine. Based on established precedent, we are constrained to agree.

"The admissibility of evidence lies in the trial court's discretion, and the appellate court reviews evidentiary rulings under the abuse of discretion standard." *Thornton v. Dept. of Transp.*[4] However, where the trial court abuses its discretion or acts beyond its authority, we must reverse. See *Hunter v. Nissan Motor Co. &c.*[5]

Here, we find no excuse for the Harts' failure to faithfully engage in discovery in compliance with the extended discovery deadline. Nevertheless, this Court's precedent has established a rule that such failures may not be remedied by the exclusion of probative trial evidence. See *Hunter v. Nissan Motor Co. &c.*, supra, 229 Ga.

---

[2] The nurse was ultimately identified as an expert after the expiration of the discovery deadline.

[3] Northside also filed a motion to dismiss, which was apparently not ruled upon by the trial court.

[4] *Thornton v. Dept. of Transp.*, 275 Ga. App. 401, 403 (1) (620 SE2d 621) (2005).

[5] *Hunter v. Nissan Motor Co. &c.*, 229 Ga. App. 729, 730 (1) (494 SE2d 751) (1997).

App. at 729 (1) (citing *Sharpe v. Dept. of Transp.*[6]). "The only appropriate remedy for [the Harts'] alleged failure to update [their] discovery responses . . . was postponement of trial or a mistrial. The trial court simply did not have authority or latitude to grant the" defendants' motion in limine. (Citations omitted.) Id. See *Thakkar v. St. Ives Country Club*[7] ("exclusion of probative trial evidence is not an appropriate remedy for curing an alleged discovery omission"); *McEntyre v. McRae*.[8] In light of the clear holdings in this Court's prior cases, we will not depart from the established precedent in this case.[9] Accordingly, the trial court abused its discretion in granting the motion in limine seeking to exclude testimony from the Harts' two experts who were identified, albeit untimely.

2. Because of our ruling in Division 1, and in light of the nurse's affidavit averring negligence on the part of Northside and creating issues of fact, the trial court's grant of summary judgment, based on the Harts' lack of expert testimony to support their claims, was erroneous.

*Judgment reversed and case remanded. Miller and Ellington, JJ., concur.*

DECIDED MARCH 21, 2008 —
RECONSIDERATION DENIED APRIL 17, 2008 

*Golden & Malachi, Peggy J. Golden, Karen J. Malachi*, for appellants.

*Sommers, Scrudder & Bass, Matthew P. Lazarus*, for appellee.

---

[6] *Sharpe v. Dept. of Transp.*, 267 Ga. 267, 271 (2) (476 SE2d 722) (1996), rev'd on other grounds after remand, 270 Ga. 101 (505 SE2d 473) (1998).

[7] *Thakkar v. St. Ives Country Club*, 250 Ga. App. 893 (1) (a) (553 SE2d 181) (2001).

[8] *McEntyre v. McRae*, 240 Ga. App. 148, 149 (1) (522 SE2d 731) (1999).

[9] We emphasize that this is not a case where a party violated a court order explicitly directing the party to identify an expert witness for trial, nor did the order at issue warn parties of potential sanctions for failure to meet deadlines, such as the exclusion of evidence or the dismissal of the action. Accordingly, we limit our holding to the specific issue before us, and we do not purport to limit a trial court's authority to issue such orders.