## A09A1448. ROBERTS v. POINTER et al.
(687 SE2d 848)

SMITH, Presiding Judge.
Devin Roberts appeals from a judgment entered in favor of Michael and Debra Pointer on the Pointers' claim for damages

---

[30] See *Coney*, supra at 373 (4) (reversing conviction and remanding for retrial).

[31] See *In the Interest of M. S.*, supra at 127.

[32] See *Milton*, supra.

arising out of an automobile accident. The parties did not dispute Roberts's liability, leaving the jury to determine the amount of damages to be awarded to the Pointers.[1] Roberts now appeals, claiming that the trial court erred in denying the motion for a continuance he filed due to the unavailability of an expert witness. Because the trial court abused its discretion in denying the motion, we reverse.

"A motion for a continuance based on an absent witness is addressed to the sound legal discretion of the trial court and no error will be assigned unless it appears that the trial court abused that discretion in passing on the motion." (Citation and punctuation omitted.) *Surgijet, Inc. v. Hicks*, 236 Ga. App. 80, 82-83 (4) (511 SE2d 194) (1999).

The record reveals that on March 28, 2008, the trial court entered a consolidated pretrial order in which each party identified individuals as witnesses that "may" or "will" testify at trial. The pretrial order also provided that "[Roberts] reserve[s] the right to call additional witness[es] provided their names and addresses are provided to [the Pointers] with sufficient notice prior to trial." The Pointers made a similar reservation.

The case was originally set for trial to begin the week of April 28, 2008. On April 15, 2008, however, the parties agreed to continue the case to the July 28, 2008 trial calendar because the Pointers' counsel was scheduled to have surgery during the week of April 28, 2008. On June 19, 2008, Roberts filed an amendment to the pretrial order adding to the "may call" list Dr. Stephen C. Allen.

On July 11, 2008, Roberts filed a motion for continuance on the ground that Dr. Allen would be unavailable to testify during the week scheduled for trial because he would be traveling to Utah to care for his elderly father. The motion stated further that Dr. Allen would be "testifying regarding the appropriateness of [Mr. Pointer's] treatment and whether the services provided and charges incurred were usual and customary."

On July 18, 2008, the trial court held a telephone conference with both counsel concerning Roberts's motion.[2] The court denied the motion for continuance, apparently on the ground that Roberts had not named Dr. Allen as a witness in the pretrial order.

The court nevertheless allowed the Pointers to call a lay witness

---

[1] Mandy Roberts was named as a defendant in the complaint, but the judgment was entered against Devin Roberts only. The Pointers were awarded $48,384.50, plus court costs and prejudgment interest.

[2] Although that conference was not transcribed, the parties agree that Roberts's motion for continuance was heard and denied by the court during the conference. The trial court later explained its ruling on the record.

YALE LAW LIBRARY

pursuant to the provision in the pretrial order reserving the Pointers' right to call additional witnesses. Roberts objected that the Pointers' counsel had only disclosed the witness a week prior to trial and that the court, in denying Roberts's earlier motion for a continuance, excluded the testimony of Dr. Allen, whom Roberts had disclosed five weeks prior to trial. The trial court commented that it was allowing the Pointers' witness because "there's a difference in calling a lay witness to testify . . . and in calling an expert that's not identified or provided for in the pretrial order."

"The pretrial order, when entered, controls the subsequent course of the action unless modified at the trial to prevent manifest injustice." (Citations and punctuation omitted.) *Nease v. Buelvas*, 198 Ga. App. 302, 303 (401 SE2d 320) (1991); see OCGA § 9-11-16 (b). And "[t]he decision to allow the testimony of a witness not named in the pre-trial order is a matter within the discretion of the trial court." (Citation and footnote omitted.) *Edwards v. Sabat*, 263 Ga. App. 852, 853 (3) (589 SE2d 618) (2003).

Here, Roberts moved for a continuance because the expert witness, identified five weeks before trial, was unavailable during the week set for trial. In denying the motion for a continuance, the trial court essentially excluded the witness. The pretrial order, entered by the trial court, specifically allowed Roberts to reserve the right to call additional witnesses with sufficient notice. The trial court therefore erred in denying Roberts's motion for a continuance on the basis that the witness was not named in the pretrial order. Compare *Foster v. Morrison*, 177 Ga. App. 250, 250-251 (2) (339 SE2d 307) (1985) (court properly denied defendant's motion for continuance where defendant claimed plaintiff produced "surprise" witnesses but pretrial order allowed additional witnesses as late as five days prior to trial). And even if we agree that Roberts's failure to name the expert witness in the pretrial order was a discovery omission, the exclusion of the witness is not an appropriate remedy. See, e.g., *Hart v. Northside Hosp.*, 291 Ga. App. 208, 209-210 (1) (661 SE2d 576) (2008);[3] *Hunter v. Nissan Motor Co. &c.*, 229 Ga. App. 729, 729-730 (1) (494 SE2d 751) (1997). The "only appropriate remedy" was "postponement of trial or a mistrial." (Citations and footnote omitted.) *Hunter*, supra, 229 Ga. App. at 730 (1). The trial court therefore erred in denying Roberts's motion for a continuance, which resulted in the exclusion of his expert witness.

The Pointers argue for the first time on appeal that Roberts's

---

[3] We note that the holding in *Hart* is limited to those cases not involving the violation of a court order directing a party to identify an expert witness for trial, and not involving a warning to the parties of potential sanctions for failing to meet a deadline. Id. at 210 (1), n. 9. Neither of these circumstances is present in this case.

motion for continuance failed to comply with the requirements of OCGA § 9-10-160 (what application must show for continuance for absent witness). But the trial court did not deny Roberts's motion for continuance on this ground, and "issues presented for the first time on appeal furnish nothing for us to review."[4] (Citations and punctuation omitted.) *OVIP, Inc. v. Blockbuster Textiles*, 289 Ga. App. 276, 278 (1) (656 SE2d 907) (2008).

*Judgment reversed. Phipps and Bernes, JJ., concur.*

DECIDED NOVEMBER 10, 2009 —
RECONSIDERATION DENIED DECEMBER 10, 2009 — 

*Cruser & Mitchell, Raymond R. Grant II, Carlock, Copeland & Stair, Frederick M. Valz III, Erica L. Parsons*, for appellant.
*Kam, Ebersbach & Lewis, Randy J. Ebersbach*, for appellees.

---

[4] We also reject the Pointers' argument that Roberts failed to preserve his claim of error.