S10G0644. POINTER v. ROBERTS.
(702 SE2d 130)

MELTON, Justice.

In *Roberts v. Pointer*, 301 Ga. App. 531 (687 SE2d 848) (2009), the Court of Appeals reversed the trial court's decision to deny Devin Roberts' motion for continuance, finding that the trial court abused its discretion by essentially excluding an expert witness of Roberts who was not identified in his pretrial motion. We granted certiorari to determine if the Court of Appeals erred in finding that the trial court abused its discretion by denying Roberts' motion for continu-

ance. For the reasons set forth below, we answer this question affirmatively and reverse the Court of Appeals.

The facts of this case show that Roberts, Michael Pointer, and Debra Pointer were involved in an automobile accident for which Roberts' liability is undisputed. On March 28, 2008, the trial court entered a consolidated pretrial order in which each party identified individuals as witnesses that "may" or "will" testify at trial and "reserved the right to call additional witnesses provided their names and addresses [were] provided to [the other party] with sufficient notice prior to trial." Five weeks prior to trial, Roberts filed an amendment to the pretrial order, adding to the "may call" list an expert witness, Dr. Stephen C. Allen ("Dr. Allen"). Two weeks before trial, Roberts moved for a continuance because Dr. Allen would be unavailable to testify during the week set for trial. The motion stated that Dr. Allen would be "testifying regarding the appropriateness of [Mr. Pointer's] treatment and whether the services provided and charges incurred were usual and customary." One week later, the trial court heard and denied Roberts' motion during a telephone conference with both parties that was not transcribed. As a result, the record contains neither the arguments nor the evidence presented to the trial court in favor of or against the continuance. Later in the trial proceedings, the trial court made a determination that the Pointers could call a lay witness, Reverend Osie Wilson, to testify at trial, despite the fact that Reverend Wilson was added as a witness following the filing of the pretrial order.[1] Roberts, both at the trial court and on appeal, argued that the trial court unfairly allowed the testimony of Reverend Wilson, whom the Pointers had only disclosed one week prior to trial, while excluding the testimony of Dr. Allen, whom Roberts had disclosed five weeks prior to trial. In response to this argument, the trial court responded by stating that it was allowing the Pointers' witness because, although Reverend Wilson

---

[1] The trial transcript contains two brief colloquies regarding Roberts' objection over Reverend Wilson's testimony. In the first, the trial court stated: "Okay, I'll allow [Roberts] to speak to [Wilson] before he testifies certainly and then see if there is anything specific you have to object. I think there's – I think his name was not identified, I think there's a difference in calling a lay witness to testify as to essentially church involvement or character, and in calling an expert that's not identified or provided for in the pretrial order." Later in the trial, the following exchange occurred:

[Roberts]: . . . . I attempted to add a witness approximately six weeks ago and was denied the opportunity because it was not specifically listed in the pretrial order. So I would raise an objection to any witness that was . . . not specifically listed in the pretrial order.

THE COURT: I think – I do note that. I think you were attempting to add an expert witness, correct? A doctor to review medical records? . . .

I think [Reverend Wilson's] name was not identified, I think the general class of person was identified. I think there's a difference in calling a lay witness . . . and in calling an expert that's not identified or provided for in the pretrial order.

was not specifically identified in the order, he was part of a "general class of person[s]" mentioned. *Roberts* at 533. Further, the trial court commented that "there's a difference in calling a lay witness to testify . . . and in calling an expert that's not identified or provided for in the pretrial order."

Considering the facts, the Court of Appeals accepted Roberts' characterization of the trial court's actions, concluding that "[i]n denying the motion for continuance, the trial court essentially excluded [Dr. Allen]." *Roberts* at 533. The Court of Appeals deduced from the brief mention of the telephonic conference in the transcript that the trial court excluded Dr. Allen as a witness "*apparently* because he was not mentioned in the pretrial order." Id. (emphasis supplied). Thereafter, the Court concluded that such an exclusion was an abuse of discretion, reasoning that "it was not an appropriate remedy . . . [and t]he only appropriate remedy was postponement of trial or mistrial." This conclusion is not correct for two reasons.

First, Roberts' failure to have the telephonic conference transcribed is fatal to his appellate claims. Any evidence and argument made to the trial court regarding this matter has not been preserved for review. There is no record of the evidence or arguments considered by the trial court in determining how to exercise its discretion. *Zachary v. State*, 245 Ga. 2, 4 (262 SE2d 779) (1980) ("where the transcript or record does not fully disclose what transpired at trial, the burden is on the complaining party to have the record completed in the trial court under the provisions of OCGA § [5-6-41 (f)]. When this is not done, there is nothing for the appellate court to review") (citations omitted). Contrary to Roberts' contentions, the trial court's cursory references to the motion for continuance at trial do not provide an adequate record. These references do not set forth the evidence and arguments which took place during the telephonic conference, and, in any event, they were made to explain why Reverend Wilson's testimony was allowed rather than any reason why Roberts' motion for continuance was denied.

Second, even if we were to accept Roberts' characterization of the unspoken record, his contentions would still fail to show an abuse of the trial court's discretion in denying his motion for continuance. Both Roberts and the Court of Appeals have mischaracterized the trial court's denial of a continuance as the decision to allow or exclude a witness. "The trial court's discretion in granting or refusing a continuance will not be interfered with by the appellate courts unless it clearly appears that the judge abused his discretion." *Bandy v. Henderson*, 284 Ga. 692, 694 (3) (670 SE2d 792) (2008) (citation and punctuation omitted). The Court of Appeals improperly focused on the witness in question rather than on the propriety of the denial of the continuance. A denial of a motion for continuance

is not commensurate to the exclusion of a witness, even where the denial results in the absence of said witness at trial. Equating the two ignores the practical reality that an absent witness's testimony can be preserved by deposition, offered at a later date if a separate motion for continuance is granted for some other reason, or offered by the witness himself if his own schedule changes to allow him to appear at trial. In contrast, by refusing to grant a motion for continuance, a trial court is simply requiring the trial to proceed as planned. Similarly, a provision in the pretrial order allowing either side to add additional witnesses does not commit the court to adjusting its calendar to accommodate the schedule of late added witnesses. Therefore, denying the continuance to accommodate Dr. Allen's absence was not an exclusion of him as a witness even though, subsequently, he was unable to physically testify at trial.

For all of the reasons set forth above, we must reverse the judgment of the Court of Appeals and affirm the judgment of the trial court.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 1, 2010.

*Kam, Ebersbach & Lewis, Randy J. Ebersbach, Charles M. Cork III*, for appellant.

*Cruser & Mitchell, Joseph R. Cruser, Raymond R. Grant II, Arnold & Taylor, Erica L. Parsons, Carlock, Copeland & Stair, Frederick M. Valz III, A. Paul Moore, Jr.*, for appellee.