**THIRD DIVISION**
**ELLINGTON, P. J.,**
**GOBEIL and COOMER, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**December 28, 2018**

# In the Court of Appeals of Georgia

A18A1459, A18A1479. SPEEDY CARE TRANSPORT et al. v. GEORGE (two cases).

ELLINGTON, Presiding Judge.

Speedy Care Transport, Inc. and Veranetta Roscoe (Ms. Roscoe), non-parties, appeal from the order of the Superior Court of Fulton County denying their motion to quash a subpoena directed to disinterested third party SunTrust Bank by party Christina George. George is litigating child support and contempt matters with her former husband, James Roscoe (Mr. Roscoe). The subpoena sought, among other things, production of banking records of Ms. Roscoe and Speedy Care Transport, a company owned by Ms. Roscoe. Appellants contend that the trial court erred in denying their motion to quash because (i) its order was based on erroneous factual findings, and (ii) Ms. Roscoe's and Speedy Care Transport's records were not, for

numerous alleged reasons, relevant and discoverable. We affirm for the reasons set forth below.[1]

The records show the following.[2] George and Mr. Roscoe divorced in 2009. George was awarded primary physical custody of their two minor children. Mr. Roscoe and Ms. Roscoe married in 2015. Ms. Roscoe is the owner of Speedy Care Transport. Mr. Roscoe worked for Speedy Care Transport.

On May 8, 2017, Mr. Roscoe filed a complaint against George for modification of custody, visitation, and child support, and for citation of contempt, in the Superior Court of Fulton County (the "First Action"). On June 13, 2017, George answered and

---

[1] Although the trial court's order is interlocutory, it concerns a subpoena directed to a disinterested third party, SunTrust Bank. Under these circumstances, the order is directly appealable. See *Hickey v. RREF BB SBL Acquisitions, LLC*, 336 Ga. App. 411, 413 (1) (785 SE2d 72) (2016) ("[A] discovery order directed at a disinterested third party is treated as an immediately appealable final order because the third party presumably lacks a sufficient stake in the proceeding to risk contempt by refusing compliance.") (citation and punctuation omitted); *In re Dekalb County Special Grand Jury Proceedings*, 252 Ga. App. 359, 360 (1) (555 SE2d 791) (2001). Compare *In re Hall County Grand Jury Proceedings*, 175 Ga. App. 349, 350 (1) (333 SE2d 389) (1985) (where interested party could protect its privilege in documents sought by refusing to comply with the trial court's order, risking contempt, and then directly appealing a resulting contempt order, the order refusing to quash subpoena was not directly appealable).

[2] George has not filed an appellee's brief, and this Court is therefore entitled to treat Appellant's statement of facts as true. See Court of Appeals Rule 25 (b) (1).

2

asserted a counterclaim for modification of parenting time and child support. Also on June 13, 2017, George filed a petition for modification of legal custody and for contempt in the Superior Court of Fulton County (the "Second Action"). Mr. Roscoe dismissed his complaint on June 20, 2017, but George's counterclaim remains pending in the First Action.

On December 13, 2017, George, with reference to both the First Action and the Second Action, served a subpoena for the deposition of nonparty SunTrust Bank, which sought:

> All records, including but not limited to complete bank statements, cancelled checks, checks submitted for deposit, and deposit slips for any account in the name of Speedy Care Transport Inc., . . . and/or any account for which [Ms. Roscoe] has signature authority from January 1, 2013, through and including the date of this subpoena.

The Appellants moved to quash the subpoena. The trial court refused to quash the subpoena, finding that the information sought from SunTrust regarding Appellants was "plainly relevant and discoverable." Specifically, the trial court's factual findings show:

> [A]ll parties agree that Non-Party [Ms.] Roscoe is Respondent [Mr.] Roscoe's new wife, that they live together, and that [Mr.] Roscoe does not have a bank account or any credit cards. Further, all parties agree

3

that Speedy Care Transport is a company owned by Non-Party [Ms.] Roscoe and that [Mr.] Roscoe is listed as Registered Agent for that Company. [Mr.] Roscoe is an employee of Speedy Care Transport, although he reports he is paid very little by that company.

The trial court nevertheless limited the subpoena pursuant OCGA § 9-11-26 (c), after expressly balancing the relevance of the information sought and the annoyance, embarrassment, oppression, and expense claimed by Appellants. As to Speedy Care Transport's bank statements, the trial court ruled that the names of employees other than Mr. Roscoe and Ms. Roscoe be redacted, and that statements from before January 1, 2016 need not be produced. As to Ms. Roscoe's personal accounts, the trial court ruled that statements from before January 1, 2016 need not be produced.

The trial court's order on the discovery dispute was entered in both actions. Appellants appealed from the order entered in the First Action, giving rise to Case No. A18A1479, and in the Second Action, giving rise to Case No. A18A1459. We have consolidated these appeals, which raise the same claims of error, for the purposes of this opinion.

1. In related claims of error, Appellants maintain that the trial court erred in finding that the evidence sought by the subpoena was relevant because (i) the trial court improperly relied on evidence adduced at a status conference at which

4

Appellants did not participate, and (ii) the trial court's findings that Mr. Roscoe was an owner and registered agent of Speedy Care Transport, and as to the amount of money paid to Mr. Roscoe, misstate the evidence and are inaccurate. We will not disturb the trial court's factual findings if there is any evidence to support them. See, e. g., *Gerald S. Mullis, P.C. v. Sikes*, 244 Ga. App. 368, 369 (2) (535 SE2d 533) (2000).

(a) In her reply below to Appellant's motion to quash, George relied on a December 15, 2017, "120[-]Day[] Status Conference," at which the trial court apparently heard argument on Mr. Roscoe's separate motion to quash the subpoena at issue here, as showing that the subpoenaed documents were relevant.[3] Appellants argue that, inasmuch as they never had an opportunity to participate in the status conference, or were even notified of the conference, they were unfairly prejudiced "to the extent the trial court included information from the status conference" in ruling on the Appellant's motion to quash. The trial court's order addressing Appellant's motion to quash showed that it considered "the pleadings, the law, and the [January

---

[3] There is no transcript of the status conference in the appellate record.

22, 2018] telephone conference conducted with the parties."[4] Thus, it is not apparent from its order that the court relied on the 120-day status conference for purposes of its findings of fact. Further, the Appellants do not point to any statutory or other legal requirement which contemplates that they, as nonparties, must receive notice of and an opportunity to participate in the parties' status conference. Accordingly, Appellants show no error.

(b) Appellants further contend that the trial court made inaccurate factual findings that "were not included in either Appellants' or [George's] papers." Specifically, Appellants dispute the trial court's findings that (i) Mr. Roscoe was a registered agent of Speedy Care Transport[5] and (ii) Mr. Roscoe "is paid very little by" Speedy Care Transport.[6]

---

[4] In their appellate brief, Appellants acknowledge that the trial court conducted the telephone conference on January 22, 2018.

[5] Appellants also argue that the trial court erroneously found that Mr. Roscoe was an owner of Speedy Care Transport. However, the trial court did not make that finding. Rather, it found that "all parties agree that Speedy Care Transport is a company owned by Non-Party [Ms.] Roscoe and that [Mr.] Roscoe is listed as Registered Agent for that Company."

[6] Appellants do not dispute that Mr. Roscoe worked for Speedy Care Transport. What they dispute is the characterization that he was paid "very little," as, they maintain, there was nothing in Appellants' or George's papers concerning Mr. Roscoe's earnings capacity or the amount he made while he worked for Speedy Care

It is axiomatic that the burden is on the appellant to establish error from the record. See, e. g., *Majeed v. Randall*, 279 Ga. App. 679, 680-681 (2) (632 SE2d 413) (2006) (an appellant must show error from the record, and this burden is not satisfied by mere assertions in the appellate brief). The trial court's findings are expressly based on what "all parties agree" and what Mr. Roscoe "reports." In reaching its findings of fact, the trial court relied on the telephone conference, but there is no transcript of the conference in the appellate record to show what was agreed to during the conference or the representations made to the trial court at that time. "In the absence of a transcript of a hearing, we must presume that the evidence supports the trial court's findings." (Citation and punctuation omitted.) *Gallemore v. White*, 303 Ga. 209, 210 (1) (811 SE2d 315) (2018). See *Pointer v. Roberts*, 288 Ga. 150, 152 (702 SE2d 130) (2010) (motion hearing was held pursuant a telephonic conference that was not transcribed, and "[a]ny evidence and argument made to the trial court regarding this matter has not been preserved for review."); *Jones v. Foster*, 287 Ga. 144 (695 SE2d 21) (2010) (in the absence of motion hearing transcript, appellate court must presume that the evidence supports the trial courts findings). Thus, Appellants cannot show the alleged error.

---

Transport.

7

2. Appellants further contend, through numerous claims of error, that the trial court erred in finding that the information that George sought from SunTrust was relevant and discoverable. Under OCGA § 9-11-26 (b) (1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party . . . ." Pursuant to OCGA § 9-11-34 (a) (1), "a party may request that another party produce documents containing matter discoverable within the scope of OCGA § 9-11-26 (b) . . . . [,and] OCGA § 9-11-34 (c) (1) establishes that the discovery of nonprivileged documents also applies to nonparties." *Sechler Family Partnership v. Prime Group*, 255 Ga. App. 854, 857 (2) (567 SE2d 24) (2002). Thus, "[a]s with discovery requested from parties, the only requirements placed by the Georgia legislature on discovery requested from nonparties is that the documents must be relevant and nonprivileged." Id. Additionally, "the trial court has wide discretion in the entering of orders permitting or preventing the use of discovery which is oppressive, unreasonable, unduly burdensome or expensive, harassing, harsh, insulting, annoying, embarrassing, incriminating, or directed to wholly irrelevant and immaterial or privileged matters or as to matter concerning which full information is already at hand." Id.

8

In the context of discovery, "courts should and ordinarily do interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." (Citation and punctuation omitted.) *Bowden v. The Med. Center*, 297 Ga. 285, 291 (2) (a) (773 SE2d 692) (2015). Even if the information sought would be inadmissible at trial, it is not a ground for objection "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id. at 290 (2). However, "[i]tems that are neither pertinent nor relevant need not be produced." (Citation omitted.) *Walker v. Bruhn*, 281 Ga. App. 149, 151 (635 SE2d 322) (2006). The appellate court reviews a trial court's ruling on a motion to quash a subpoena for an abuse of discretion. See *In re Whittle*, 339 Ga. App. 83, 85 (793 SE2d 123) (2016).

(a) Appellants argue that Ms. Roscoe's financial information has "no possible relevance" to the litigation between Mr. Roscoe and George, which involves issues of contempt and child support.[7] In the absence of a hearing transcript, we must presume that the evidence supported the trial court's finding that the subpoena sought

_____

[7] The trial court entered a partial final consent order expressly intended to resolve all issues in the First Action and the Second Action relating to custody and parenting time.

relevant evidence. See, e. g., *Holmes v. Roberson-Holmes*, 287 Ga. 358, 361 (1) (695 SE2d 586) (2010).

Nor can the alleged error be established from the face of the order. Compare, e. g., *Mikell v. Hortenstine*, 334 Ga. App. 621, 623 n. 3 (780 SE2d 53) (2015) (transcript was not necessary to resolution of the appeal as the alleged error was apparent from the face of the order). Appellants point out that Ms. Roscoe has no obligation to contribute to the support of Mr. Roscoe's and George's children. See *Blumenshine v. Hall*, 329 Ga. App. 449, 451-453 (3) (765 SE2d 647) (2014) (Husband's "new wife had no legal obligation to contribute, directly or indirectly, to the support of [husband's] children from his prior marriage.") Thus, they contend, even if Ms. Roscoe contributed financially to Mr. Roscoe's lifestyle, such contribution could not be considered for purposes of determining Mr. Roscoe's support obligations, and therefore there is no basis for subjecting Ms. Roscoe's finances to scrutiny in the context of the parties' litigation.

Notwithstanding Appellants' arguments, the order shows that Ms. Roscoe was the only person in Mr. and Ms. Roscoe's household with a bank account, and that she also owned the business that employed Mr. Roscoe. Thus, the trial court's order is consistent with a conclusion that the requested financial information was calculated

to lead to evidence of *Mr. Roscoe's* income or earnings capacity, which was relevant to the issue of child support in the underlying litigation. See OCGA § 19-6-15 (b) (governing the process of calculating child support). "The discovery procedure is to be given a liberal construction in favor of supplying a party with the facts *without reference to whether the facts sought are admissible upon the trial of the action*." (Citations and punctuation omitted; emphasis supplied.) *Clayton County Bd. of Tax Assessors v. Lake Spivey Golf Club*, 207 Ga. App. 693, 696 (2) (428 SE2d 687) (1993) (finding that trial court improperly limited the scope of discovery sought from nonparties). See *Hickey v. RREF BB SBL Acquisitions, LLC*, 336 Ga. App. 411, 414 (2) (a) (785 SE2d 72) (2016) (trial court did not err in denying motion to quash subpoena seeking relevant nonparty banking records); *Sechler Family Partnership v. Prime Group*, 255 Ga. App. 854, 859-860 (5) (567 SE2d 24) (2002) (trial court did not err in denying motion to quash subpoena seeking nonparties' financial information). Accordingly, Appellants show no error.

(b) Appellants also argue that the trial court erred in finding that the requested banking records, as they relate to the suppliers, vendors, customers, and employees (excepting Mr. Roscoe) of Speedy Care Transport, as well as Ms. Roscoe's personal financial information contained in the records of Speedy Care Transport, were

11

relevant and discoverable. As with Ms. Roscoe's banking records, Appellants cannot establish, in the absence of the hearing transcript, that the trial court erred in finding that the information sought from SunTrust was relevant. Nor is any error discernable from the face of the order. The Appellants do not show that the records sought contained privileged information,[8] and relevant nonparty banking records are discoverable, within the discretion of the trial court, notwithstanding that, in the discovery process, nonparties' privacy interests must be accommodated. See *Hickey v. RREF BB SBL Acquisitions, LLC*, 336 Ga. App. 411, 414 (2) (a) (785 SE2d 72) (2016) (trial court did not err in denying motion to quash subpoena seeking nonparty banking records given, among other things, "one has no reasonable expectation of privacy in information voluntarily conveyed to another and maintained in the business records of another") (citation and punctuation omitted).

*Judgments affirmed. Gobeil and Coomer, JJ., concur.*

---

[8] Appellants contend that the information sought by the subpoena contains trade secrets, but this conclusion is not demanded by the record, nor do Appellants show that trade secrets are privileged or per se undiscoverable. See OCGA § 9-11-26 (c) (7) (in discovery, trial court may require trade secrets "be disclosed only in a designated way," or may require that trade secrets not be disclosed). We note that George, in her briefing below, represented to the trial court that she was willing to enter into an agreement to ensure that Appellants' information remains confidential.