**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 24, 2023**

# In the Court of Appeals of Georgia

A22A1293. BLACKWELL v. DREAMWORKS RESTORATION
       CONTRACTORS, INC.

DOYLE, Presiding Judge.

Dreamworks Restoration Contractors, Inc., sued Susan Blackwell to foreclose on a lien and for breach of contract, alleging that she failed to pay for roofing work that Dreamworks performed on her home. Following a bench trial, the trial court entered judgment in favor of Dreamworks. Blackwell appeals, challenging the trial court's factual findings and arguing that the court erred by excluding certain of her witnesses, awarding Dreamworks attorney fees pursuant to OCGA § 13-6-11, failing to sanction Dreamworks for an alleged discovery violation, and denying her motion for directed verdict. Because the trial court erred by excluding Blackwell's witnesses, we reverse.

On appellate review of a bench trial, the factual findings shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. In bench trials, the judge sits as trier of fact, and the court's findings are analogous to a jury's verdict and should not be disturbed if there is any evidence to support them.[1]

So viewed, the record shows that in 2016, Blackwell discovered a racoon infestation in her home, and she made a claim with her homeowner's insurance company for extensive roofing and water damage caused by the infestation. On February 22, 2018, Blackwell and Dreamworks entered into an agreement for Dreamworks to repair certain portions of Blackwell's home and to replace other portions in exchange for the insurance proceeds Blackwell was to receive from her insurer. On March 27, 2018, Dreamworks installed a new roof on Blackwell's home. After Blackwell contacted Dreamworks regarding mold that was present on the underside of the plywood roof sheathing, Dreamworks applied a microbial spray to the sheathing. On April 20, 2018, Blackwell sent Dreamworks an email demanding that it replace all of the sheathing in order to be paid under the initial contract or, in

---

[1] (Punctuation omitted.) *Cheatham Fletcher Scott Architects, P.C. v. Hull 2000, LLLP*, 352 Ga. App. 691, 693 (2) (835 SE2d 644) (2019).

2

the alternative, that she would deduct from her payment to Dreamworks any amount she had to pay another company to replace the sheathing. Dreamworks offered to remove the sheathing for an additional cost, but Blackwell refused the offer. Dreamworks then submitted an invoice to Blackwell for the work already performed, which totaled $18,238.42.

Blackwell failed to pay Dreamworks for the work, and on July 31, 2018, Dreamworks filed a claim of lien for $18,238.42 for material and labor provided to Blackwell. On November 15, 2018, Dreamworks sued Blackwell for breach of contract. Following the October 2021 bench trial, the trial court entered a final order and judgment in favor of Dreamworks, awarding it $18,238.42, prejudgment interest in the amount of $12,232.23, court costs of $257, and attorney fees under OCGA § 13-6-11 in the amount of $8,019.59. This appeal followed.

1. Blackwell contends that the trial court abused its discretion by excluding two of her witnesses based on her failure to identify them during discovery. We agree.

A trial court has broad discretion to control discovery, including the imposition of sanctions, and [the appellate court] will not reverse a trial court's decision on discovery matters absent a clear abuse of discretion. We employ a clear abuse of discretion standard, because, unlike the appellate courts, the trial court directly supervises the ebb and flow of the discovery and trial process in the case and has the

3

opportunity to observe and assess the conduct, demeanor, and credibility of the parties and their counsel throughout the proceedings.[2]

At trial, Blackwell appeared pro se. She called Sonny Gilchrest as a witness, and Dreamworks objected on the basis that Blackwell had not identified him during discovery. During discovery, Dreamworks served Blackwell with interrogatories seeking identification of any fact or expert witnesses. Blackwell did not identify anyone in her response to the interrogatories, but she reserved the right to supplement or amend her responses; she did not amend her responses thereafter.[3] At trial,

---

[2] (Citation and punctuation omitted.) *Dunwoody Obstetrics and Gynecology, P.C. v. Franklin,* 363 Ga. App. 90, 92 (1) (870 SE2d 592) (2022), quoting *Resurgens, P. C. v. Elliott*, 301 Ga. 589, 597-598 (2) (b) (800 SE2d 580) (2017).

[3] Neither the interrogatories nor Blackwell's responses thereto appear in the record. Instead, when objecting at trial to her expert witnesses, counsel for Dreamworks read certain interrogatories into the record, some of which asked Blackwell to "identify . . . any person who has any knowledge or information regarding the incidents or the resulting damage giving rise to the homeowner's claim . . ." and "the name of any entity which performed remediation or construction services." According to counsel, the expert witness was "not identified" in response to those interrogatories. Interrogatory No. 12 requested that Blackwell identify "any person [not already identified in response to Interrogatories 8 through 11] . . . who has any knowledge or information in regards to the incident and resulting damage to, more or less, the homeowner's claim or Dreamwork's work on the residence." According to counsel, Blackwell's response was "Ms. Blackwell does not currently have knowledge of any person responsive to Interrogatory No. 12. Discovery is ongoing, and Ms. Blackwell reserves the right to supplement and/or amend her response to [the] interrogatory." Dreamworks's counsel also represented to the trial

Blackwell told the court that based on her research on the internet and a phone call to the clerk's office, she believed that she had no obligation to disclose her witnesses to Dreamworks. After applying the balancing test set forth in *Lee v. Smith*,[4] the trial court excluded Gilchrest as a witness. Blackwell also called Sean Cleveland as a witness, and the trial court excluded him on the same basis.[5]

In *Lee*, the Supreme Court of Georgia held that when a "trial court defaults to the most extreme sanction available based solely upon a party's failure to meet a deadline in a scheduling order without considering any other factors, that court will

---

court that "Mr. Gilchrest wasn't listed in response to our expert interrogatory, which is Interrogatory Number 18. No experts were identified." Blackwell advised that she reviewed her discovery responses, which her former attorney prepared before withdrawing.

[4] 307 Ga. 815 (838 SE2d 870) (2020).

[5] Blackwell also called a fact witness that she had not disclosed in discovery, and the trial court overruled Dreamworks's objection to his testimony because it had previously been provided copies of the photographs the witness was going to identify during trial.

have abused its discretion."[6] The Court explained that trial courts enjoy broad discretion over discovery and pretrial issues, and

> [o]nce a trial court has properly exercised its discretion to enter an order setting a scheduling deadline, compliance with that order is of paramount importance, as a party's failure to comply with it could subject that party to sanctions, including the harsh sanction of excluding a proffered witness from testifying at trial. It, undoubtedly, must lie within the power of the court to impose appropriate sanctions to make effective its pre-trial orders. A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.[7]

In the instant case, there was no such "pretrial scheduling, discovery, or case management order."[8] Therefore, *Lee* does not apply. Blackwell did not fail to comply

---

[6] *Lee*, 307 Ga. at 821-822 (2). The Court set forth four factors a trial court must consider when determining whether to exclude a witness who was not timely identified in compliance with court order: "(1) the explanation for the failure to disclose the witness, (2) the importance of the testimony, (3) the prejudice to the opposing party if the witness is allowed to testify, and (4) whether a less harsh remedy than the exclusion of the witness would be sufficient to ameliorate the prejudice and vindicate the trial court's authority"). Id. at 824 (3).

[7] (Citations and punctuation omitted.) Id. at 821 (2), quoting *Ambler v. Archer*, 230 Ga. 281, 289 (1) (196 SE2d 858) (1973), *Johnson v. Mammoth Recreations*, 975 F2d 604, 610 (3) (9th Cir. 1992).

[8] We note that there is no indication in the record that Dreamworks inquired about any supplements or amendments to Blackwell's discovery responses or that it

6

with an order, but instead failed to supplement her interrogatory responses. "Exclusion of probative trial evidence is not an appropriate remedy for curing an alleged discovery omission."[9]

> [Although there is] no excuse for [Blackwell's] failure to faithfully engage in discovery[,] . . . this Court's precedent has established a rule that such failures may not be remedied by the exclusion of probative trial evidence. The only appropriate remedy for [Blackwell's] alleged failure to update [her] discovery responses was postponement of trial or a mistrial. The trial court simply did not have authority or latitude to grant [Dreamworks' motion to exclude her witnesses].[10]

Accordingly, we reverse.

2. In light of our holding in Division 1, we decline to address Blackwell's remaining enumerations.

---

moved prior to trial to compel her responses or before trial or to exclude her witnesses based on her failure to identify them.

[9] *Hunter v. Nissan Motor Co. of Japan*, 229 Ga. App. 729, 729 (1) (494 SE2d 751) (1997).

[10] (Punctuation omitted.) *Hart v. Northside Hosp., Inc.*, 291 Ga. App. 208, 210 (1) (661 SE2d 576) (2008), quoting *Hunter*, 229 Ga. App. at 730 (1). See also *Bell v. Freeport Title & Guar., Inc.*, 355 Ga. App. 94, 97-98 (1) (842 SE2d 565) (2020) ("[T]he appropriate remedy was for the appellants to request a continuance under OCGA § 9-11-56 (f), and, in the absence of that request, the trial court did not err by considering [an undisclosed witness's] affidavit. . .").

7

*Judgment reversed. Markle, J., and Senior Appellate Judge Herbert E. Phipps concur.*